## BURTON *vs.* HOLLEY.

[ACTION TO RECOVER DAMAGES FOR WRONGFUL TAKING AND WITHHOLDING OF SLAVES.]

1. *Remote and consequential damages.*—In an action to recover damages for defendant's wrongful act in taking and withholding from plaintiff several hired slaves, plaintiff cannot be allowed to prove, that he had prepared for cultivation a larger tract of land than his other negroes could cultivate, and had procured horses to cultivate said land, provender to feed them, and a necessary supply of provisions for the negroes ; and that, by reason of the loss of the services of the hired slaves, some of his horses were idle during the year, and he was compelled to leave a portion of the land uncultivated. Such damage is not the natural and proximate consequence of the tortious act complained of.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. NAT. COOK.

THIS action was brought by John H. Burton against George S. Holley, to recover damages for the defendant's wrongful act in taking and withholding from plaintiff six slaves which he had hired from defendant for the year 1854 ; and the

defendant pleaded "not guilty, in short by consent, with leave to give any special matter in evidence." On the trial, as appears from the bill of exceptions, the plaintiff offered to prove, " that he owned a valuable tract of land, suited to the production of corn and cotton, prepared for the cultivation of a crop for the year 1854, and containing more tillable land than could be cultivated by his other hands ; that by reason of his being deprived of the services of. the slaves specified in this suit, about one hundred and fifty acres of said land were turned out and not cultivated ; and that the rent of said land, for that year, was worth $2 00 per acre." This evidence, on the defendant's motion, the court excluded from the jury ; and the plaintiff excepted. The plaintiff then proposed to prove, " that he had provided himself with sufficient team to cultivate said land, and with sufficient provender to supply said team; that by reason of the loss of the services of said slaves, one of the horses which he had so provided remained idle and unemployed during the year ; that the keep of said horse was worth from $75 to $100 for that year; also, that he had procured provisions, and other articles of necessary supply, for the feed and support of said slaves for the year 1854, which cost and were worth from $100 to $125 ; also, that there was cotton in his fields when said slaves left his plantation, which had not been picked out or gathered, and which was worth from $125 to $130 ; and that after said slaves left his plantation, he rented out a part of said fields." This evidence, also, on defendant's several motions, was excluded by the court ; and the plaintiff excepted to each decision. The rulings of the court on the evidence are now assigned as error.

J. D. WEBB and S. F. HALE, for the appellant, cited Sedgwick on Damages, 30 ; 1 Wash. C. C. 152 ; 3 J. J. Mar. 185.

WM. P. WEBB, contra, cited Sedgwick on Damages, 529–30; Sims v. Glazener, 14 Ala. 698; Donnell v. Jones, 13 Ala. 508.

RICE, C. J.—In an action for the wrongful taking and withholding of the plaintiff's slaves, he cannot recover special damage, which is not, in legal contemplation, the natural and

proximate consequence of the tortious act alleged in his complaint. The special damage, which the evidence offered by the plaintiff in this case, and excluded by the court, tended to prove, was not the natural and proximate consequence of the tortious act alleged in his complaint. There was, therefore, no error in excluding that evidence.—Sims v. Glazener, 14 Ala. R. 695; Donnell v. Jones, 13 *ib.* 490 ; Walker v. Walker, 26 *ib.* 271 ; Ivey v. McQueen, 17 Ala. R. 408.

No question is raised by the evidence, or by the argument of appellant's counsel, as to the right of a plaintiff in such a case as this to recover vindictive damages ; and therefore we decide nothing in this case, as to that question.—See Sims v. Glazener, and Ivey v. McQueen, *supra.*

Judgment affirmed.