McKnight Brothers v. N. M. Carmichael et al.

No. 558.

1. **Jurisdiction of the District Court.**—The District Court has no jurisdiction of a suit for damages against a constable and his sureties for the seizure and sale of certain tools of a stone-mason claimed to be exempt from forced sale, when the amount of damages alleged, and which plaintiff was entitled to recover, was less than $500, and the other items of damage pleaded were not the obvious consequences of the conversion of the property, and were not such as might have been reasonably foreseen by the officer making the levy.

2. **Unforeseen Damages Not Recoverable.**—All the items of damage alleged, except the value of the tools and the lost time of plaintiff's teams, appear to have grown out of the fact that plaintiff had a contract to build certain bridge pillars, of which contract it is not alleged the constable had notice, and he could not have reasonably foreseen damages resulting therefrom.

Appeal from Fayette. Tried below before Hon. H. Teichmueller.

*W. J. Love* and *J. T. Duncan*, for appellants.—The court erred in sustaining the defendants' second special exception to plaintiffs' petition, because the petition alleged damages valid and recoverable by law sufficient to give the District Court jurisdiction of the cause. Moore v. Anderson, 30 Texas, 225; O'Conner v. Smith & Gethping, 84 Texas, 232; Railway v. Loonie, 84 Texas, 259; Railway v. Gilbert, 22 S. W. Rep., 760; Brown v. Bridges, 70 Texas, 661; Dun v. Yoakum

et al., 21 S. W. Rep., 411; Jones v. George, 61 Texas, 345; 2 Ct. App. C. C., sec. 453; 3 Id., secs. 1, 254; 2 Greenl. on Ev., secs. 253, 254, 256; Field on Dam., secs. 796, 797; 3 Suth. on Dam., p. 173.

The allegations of special damage in plaintiffs' petition do not come within the rule of loss of profits, because the damage therein alleged is neither remote nor speculative, but direct, consequential, definite, and certain; it is damage that requires no process of speculation to ascertain—it is ascertained already. Mills Co. v. Iron Works, 1 Texas Civ. App., —; Darcy v. Turner, 46 Texas, 30; Jones v. George, 61 Texas, 345.

*Brown, Lane & Jackson,* for appellees.—The measure of damages for the conversion of personal property is the value of the property at the time of the seizure, with legal interest from that date. Hillebrant v. Brewer, 6 Texas, 51; Blum v. Merchant, 58 Texas, 400; Grimes v. Watkins, 59 Texas, 133; Field on Dam., secs. 768, 781, 792.

In cases of simple conversion, whether property is taken or destroyed, or is taken in part and destroyed in part, the owner is entitled to recover its value at the time he is deprived of it, with interest; but in such cases he is never entitled to special damages resulting from his private contracts of which the defendant has no knowledge. Railway v. Cole, 16 S. W. Rep., 177; Field on Dam., secs. 385–388.

GARRETT, CHIEF JUSTICE.—McKnight Bros. brought this suit against the sureties on the official bond of N. M. Carmichael, as constable, to recover damages for the seizure and sale of a certain derrick and other tools and apparatus by virtue of a writ of execution issued by a justice of the peace in Fayette County. Plaintiffs averred, that the tools and apparatus levied upon were exempt to them from forced sale as belonging to their trade as stonemasons and contractors. ·

They also alleged, that by reason of the unlawful seizure of said property they have been damaged as follows:

1. They had lost the value of the property, which was $278.10.

2. When said derrick and tools were taken from them they were being used for the specific purpose of loading dressed stone on cars for shipment from the quarry near Muldoon, in Fayette County, where it had been prepared, to Lavaca County, to be put into some bridge pillars, which plaintiffs were under contract to finish shortly thereafter; that it had cost plaintiffs $150 to prepare said stone for said purpose, and because the officer had taken away their said derrick and apparatus they were unable to get said stone loaded and shipped for use in said bridge pillars, and were compelled to leave it in the quarry, and it became a total loss to plaintiffs, to their damage the said sum of $150.

3. That being deprived of the use of their said tools and apparatus, and having contracted to finish said stone bridge pillars within a short

time, and being unable to procure other apparatus with which to move their said stone, which had already been prepared, they were compelled to purchase other stone in order to complete said pillars, at a cost of $150.

4. Plaintiffs had two mule teams at work in said quarry with said tools, etc., which were worth the sum of $6 per day, and which by reason of said seizure were left unavoidably idle for twelve days, to plaintiffs' damage $72.

5. That plaintiffs had a large number of hands in their employment on said bridge pillars, and some in said quarry, who, for want of material and tools, were left unavoidably idle on plaintiffs' hands. That plaintiffs were put to great annoyance, trouble, and expense in providing ways and means of obtaining materials and carrying on said work, by reason of which they have been further actually damaged in the sum of $500.

Defendants interposed a general demurrer and special exceptions to the petition. The court sustained the demurrers presented, and held that the court had no jurisdiction of the subject matter, and dismissed the suit.

We are of opinion that there was no error in the judgment of the court. The only damages well pleaded were the value of the property, which was alleged to be an amount not within the jurisdiction of the court, unless it be that the value of the lost time of the teams might be so considered; but this would still not be sufficient to bring the amount within the jurisdiction of the District Court.

The damages for which the officer and sureties should be held liable, if the property was exempt from forced sale, are those which are the obvious consequence of the conversion of the property, such as the value thereof, or such as may reasonably have been foreseen by the officer. In order to entitle plaintiff to recover special damages, they should aver and prove the same. They have averred special damages, and the demurrer admits the truth of the allegations, but the damages alleged, except the items above referred to, all appear to have grown out of the fact that plaintiffs had a contract to build certain bridge pillars, of which, so far as it appears from the petition, the officer knew nothing, and such damages are certainly not such as would be the obvious consequence of the injury, or such as could have been reasonably foreseen.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered May 17, 1894.