### Baker and Lockwood Manufacturing Company v. J. M. Clayton et al.

Decided November 18, 1905.

**1.—Detention of Personal Property—Measure of Damages—Pleading.**

In the absence of proper pleading setting up special damages, the measure of damages for the detention of personal property is the reasonable rental value of the property during the time it is unreasonably held by a bailee for hire.

**2.—Renting Personal Property—Implied Warranty.**

Where the plaintiff rented to the defendant two tents to be used during a celebration there was an implied obligation that the tents were reasonably suitable for the uses or purposes known to be intended. It was error to charge that the owner impliedly warranted that the tents were suitable for the purposes for which they were rented.

**3.—Repeating Charges—Error.**

It is error to give special charges reiterating an issue submitted in the main charge.

**4.—Acceptance of Defective Property.**

Where the lessee of two tents received and made use of the same after discovering their inherent weakness and lack of adaptability to the uses intended, it is a question for the jury whether or not an ordinarily prudent man would have done so under the circumstances.

Appeal from the County Court of Potter County. Tried below before Hon. Sam R. Merrill.

*W. E. Gee,* for appellant.—The court erred in excluding the testimony of H. G. Carnie to the effect that plaintiff was deprived of the profits from rentals of $75 each on the tents in controversy, by reason of the delay in reshipping the tents to plaintiff. Yoakum v. Dunn, 21

S. W. Rep., 411; Ligon v. Missouri Pac. Ry. Co., 3 Texas Civ. App., 17-19 (secs. 1-3).

When one party to a contract is prevented by the other from earning profits, the amount of such profit, if ascertainable, is the measure of damages. Yoakum v. Dunn, 21 S. W. Rep., 411; Equitable Mortgage Co. v. Weddington, 21 S. W. Rep., 576; St. Louis & S. F. Ry. Co. v. Traweek, 19 S. W. Rep., 370; Western U. Tel. Co. v. Bowen, 19 S. W. Rep., 554; Western U. Tel. Co. v. Brown, 19 S. W. Rep., 336.

In all cases of bailment for hire, a person must exercise that degree of care over the bailed property that a person of ordinary prudence would exercise in relation to the particular thing were it his own property. Sims & Smith v. Chance, 7 Texas, 571; Young v. Lewis, 9 Texas, 77; Mills v. Ashe, 16 Texas, 295; Cyc. Law and Procedure, vol. 5, p. 182, division (B), and notes thereunder.

The court erred in giving the charge, because it makes the appellant the absolute insurer that the tents were suitable for the purposes for which they were rented, whereas the law only placed upon appellant the obligation that the tents were reasonably fit for the purpose for which they were to be used. Sims & Smith v. Chance, 7 Texas, 572; Cyc. of Law and Procedure, vol. 5, p. 179 division (III), and authorities cited thereunder.

The charge is erroneous because it placed upon the appellant a greater obligation to furnish suitable tents and equipments than is imposed by the law, the law only placing upon the appellant the obligation to furnish tents and equipments reasonably suitable for the purpose for which they were intended. Sims & Smith v. Chance, 7 Texas, 572; Cyc. of Law and Procedure, vol. 5, p. 179, division (III), and authorities cited thereunder.

The court erred in giving the charge because it is upon the weight of the evidence in this, that it withdraws from the jury the question whether an ordinarily prudent man would have used tents of a less weight than 12 ounce duck, after having ordered that weight, without first informing appellant that they were too light and obtaining its consent, and assumes that, no matter how light the tents were or how much damage might result to them on that account, appellee Clayton could not be guilty of negligence in using them after appellant had sent them. Sayles' Civ. Stats., art. 1317; Heldt v. Webster, 60 Texas, 209; Costley v. Galveston City Ry. Co., 70 Texas, 114, 8 S. W. Rep., 114; San Antonio & A. P. Ry. Co. v. Vaughn, 5 Texas Civ. App., 201, 23 S. W. Rep., 745; Gulf, C. & S. F. Ry. Co. v. Grubbs, 7 Texas Civ. App., 56, 26 S. W. Rep., 326; Galveston, H. & S. A. Ry. Co. v. Michalke, 14 Texas Civ. App., 497, 37 S. W. Rep., 480; Watkins v. Cates, 59 S. W. Rep., 1123.

It was not necessary for the appellant to allege nor prove that the delay was the result of negligence on the part of appellee J. M. Clayton, in order to recover on the issue of delay. Cyc. of Law and Procedure, vol. 5, p. 209, division (C); Tindall v. McCarthy, 44 S. C., 487, 22 S. E. Rep., 734.

In all cases of bailment for hire, a person must exercise that degree of care over the bailed property that a person of ordinary prudence would exercise in relation to the particular thing were it his own prop-

erty. Sims & Smith v. Chance, 7 Texas, 571; Young v. Lewis, 9 Texas, 77; Mills v. Ashe, 16 Texas, 295; Cyc. Law and Procedure, vol. 5, p. 182, division (B), and notes thereunder.

*Turner & Boyce,* for appellee Clayton.—The duty resting on defendant was correctly set forth in the charge given. Am. and Eng. Ency. Law, vol. 3, pp. 744, 746; Phillips v. Hughes, 33 S. W. Rep., 157.

A bailor is held to a warranty of the fitness of the bailed property for the uses to which it is to be put. If the tents were defective, plaintiff is presumed to have known that fact, and to have taken the chances of loss in sending them. Gulf, C. & S. F. Ry. Co. v. Harris, 22 S. W. Rep., 237.

SPEER, ASSOCIATE JUSTICE.—Appellant sued appellee to recover damages aggregating the sum of $732.80 growing out of a rental contract by which the former let to the latter two tents to be used on the occasion of a Fourth of July celebration in the city of Amarillo. The damages alleged consisted of injuries to the tents while in the appellees' possession, loss of the rental value by reason of their being unreasonably detained by him, and certain return freight charges which appellant paid and which it alleged appellee had agreed to pay. Appellee Clayton interpleaded the other appellees, and a trial before a jury resulted in a verdict and judgment against appellant.

Upon the trial appellant offered to introduce in evidence the deposition of the witness Carnie as follows: "Was the Baker and Lockwood Manufacturing Company deprived of the use of these tents for any other purpose while they were in the possession of Mr. Clayton? If so, what use could they have been put to and what would have been the income to the company as the result of such use?" The answer to which interrogatory was as follows: "We were deprived of the profit of two rentals for seventy-five dollars each, as we had intended to ship one of these tents to Washington, Iowa, and the other to Sydney, Iowa, and were to receive seventy-five dollars in each case. When the tents in question were returned to us and repaired, it was too late to fill these orders." This question and answer were objected to by appellees for the reason that they sought to prove damages that were too remote, speculative, and in the nature of special damages not in contemplation of the parties at the time the contract for the tents was made, and the court sustaining this objection excluded the testimony. In this ruling there was no error. The pleadings do not make a case of special damages growing out of the loss of profits of a contract or contracts made known to the appellees at the time of the making of the rental contract in this case. It is clear, then, that the measure of appellant's recovery upon this item would be the reasonable rental value of the tents during the time they were unreasonably held by appellant. We do not think the evidence offered even tended to show the reasonable rental value of the tents for any given time. In Young v. Atwood, 5 Hun, 234, which was an action brought to recover possession of a piano wrongfully detained from the plaintiff and for damages for its detention, the plaintiff's counsel insisted on showing, and was finally allowed to do so, that the plaintiff had been offered ten dollars a month for the use

of the piano, and the trial court's ruling in permitting this evidence resulted in the reversal of the judgment. The case of Yoakum v. Dunn, 21 S. W. Rep., 411, cited by appellant is not in point for its contention because it plainly appears in that case that at the time of making the contract of shipment, the carrier (the defendant in the action) was notified of the purpose for which it was being shipped, and had such notice as would render it liable for the special damages sought to be recovered in that case.

There is no merit in the assignment of error complaining of the court's definition of negligence. There is no substantial difference between the charge given and the one requested by appellant, the former defining negligence as "doing of that which an ordinarily prudent man would not do, or the failure to do that which a man of ordinary prudence would do, under the same or similar circumstances;" while the latter defined the term as "the failure to do what a person of ordinary prudence would have done with his own property under the same circumstances, or the doing of that which a person of ordinary prudence would not have done with his own property under the same circumstances."

There is error, however, in the fourth paragraph of the court's charge wherein the jury were instructed in effect that appellant impliedly warranted that the tents were suitable for the purpose for which they were rented, whereas the real extent of appellant's liability in this respect was an implied obligation that the tents were reasonably suitable for the uses or purposes known to be intended. (Sims v. Chance, 7 Texas, 561, and authorities cited in 5 Cyc., 179, note 99.) The court also committed error in submitting special charge No. 7 requested by Britt and Stringfellow, defendants vouched in by Clayton, and special charge No. 2 requested by appellee Clayton, in that the same constituted a reiteration of the issue submitted in the court's charge with reference to the inherent weakness of the tents. This gave undue prominence to that issue and was calculated to prejudice the rights of appellant before the jury. The fourth paragraph of the court's charge appears to have fully submitted this defense, and there was no necessity for giving either of the requested instructions. Special charge No. 2, requested by appellee Clayton and given by the court, is also open to the further objection that it declared appellee would be authorized to receive and make use of the tents whether on ordinarily prudent man would have done so or not, after discovering their inherent weakness and lack of adaptability to the uses intended.

On the issue of delay in returning the tents to appellant, the court instructed the jury that before they could find for the plaintiff they must find that the tents were not returned to Kansas City within a reasonable time, and that the failure to so return them was negligent failure. This is complained of by appellant, and properly so, upon the ground that it would be entitled to recover if the tents were not returned within a reasonable time, and a special charge submitting the issue in this form was requested and refused. Upon another trial the court should not require the jury to find an unreasonable delay and that such delay was due to negligence. It at least is confusing and tends to make the jury believe that something more than unreasonable delay must be proved.

Appellee Clayton, in the course of the correspondence leading up to the rental contract, requested the appellant to ship the tents without the side walls if it could be done, and appellant complied with this request. Appellee pleaded that such side walls should have been sent as a protection to the tents, and that the failure of appellant to send them was a partial cause of the damage. The appellant replied by pleading the appellee's request. Upon the trial appellant asked that the following charge be submitted: "If you find from the evidence that the plaintiff failed to send the side walls to the tent in question as the result of defendant Clayton's request, if any was made, not to send said side walls, then you will not find that plaintiff was guilty of negligence in not sending said side walls." The refusal to give this charge was error. It covered an issue made both by the pleadings and the evidence and not otherwise submitted to the jury.

Appellees' general counter proposition to the effect that the tents were never shipped to appellee Clayton at all, but to another person not a party to this suit, can not avail them. Clearly the tents were supplied upon appellees' order, and the fact that they were shipped in another's name can make no difference in respect to the liability of the parties to the contract. Such arrangement appears to have been satisfactory to all parties.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*