R. VANDEVENTER, Appellant, v. RUFUS NELSON, Sheriff, Appellee.

**EXEMPTIONS:** Property Exempt—Jury Question. The issue
1 whether a traction engine is one of the instrumentalities by which a debtor habitually earns a living for himself and family is, on conflicting evidence, necessarily a jury question.

**EXEMPTIONS:** Property Exempt—Threshing Machine Separator.
2 A threshing machine separator is not exempt from execution.

**EXEMPTIONS:** Enforcement of Rights—Wrongful Levy—Damages
3 —Notice to Officer. Written notice by a judgment defendant to the levying *officer* of exemption claim is a condition precedent to the right to recover damages of the *officer* by reason of the wrongful detention by the *officer* of exempt property under levy. See Sections 3991, 4017, Code, 1897.

**APPEAL AND ERROR:** Harmless Error—Instructions—Incorrect
4 Measure of Damages. Incorrect instruction on the measure of damages becomes quite harmless when the jury finds that plaintiff has no cause of action.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

MONDAY, JUNE 25, 1917.

ACTION at law to recover damages on account of the unlawful levy of an execution. The material facts are stated in the opinion. The jury returned a verdict for the defendant.—*Affirmed.*

*F. J. Lund* and *D. C. Chase,* for appellant.

*Wesley Martin* and *W. J. Covil,* for appellee.

STEVENS, J.—Defendant, as sheriff, levied under execution upon a threshing machine and traction engine as the property of plaintiff. M. J. Vandeventer caused notice to be served upon the sheriff, claiming to be the holder of a mortgage upon the threshing machine and engine. After some time had elapsed, the sheriff released the machinery from the levy because the judgment creditor refused to give him an indemnifying bond.

Plaintiff averred in his petition that he was a mechanic, earning his living by threshing, hulling grains and seeds, and doing other work in which he used said engine; that they were the necessary tools and instruments by which he earned his living; that he was a resident head of a family, and that said property was exempt from execution; that the sheriff unlawfully retained possession thereof: and he demanded damages for the loss of the use of the property and to the property resulting from the negligence of the sheriff in failing to properly care for and protect the same while held under execution. He further charged that the detention of the property by the sheriff was malicious, and asked judgment for exemplary damages. Defendant in answer admitted the levy, averred that the property was left in the possession of plaintiff; that if same was injured

it was because of his own negligence and without fault of defendant; that the execution was regular upon its face; that he was fully protected in making the levy. The court withdrew from the jury the question of exemplary damages, and the evidence tended to show that, under the levy, the property was permitted to remain on the premises where the levy was made, and that plaintiff used the same to some extent in threshing on the premises; and the sheriff testified that he told plaintiff to go ahead and use the machinery if he wanted to. There was conflict in the evidence as to important and material matters.

I. The court instructed the jury that

1. EXEMPTIONS: property exempt: jury question. the separator levied upon was not exempt from execution, and submitted to it the question as to whether or not the traction engine was one of the instrumentalities by which the plaintiff habitually earned a living for himself and family, and informed the jury that, if they so found, then same was exempt from execution, and the levy was unlawful, and plaintiff would be entitled to recover the fair, reasonable value of the use of the engine during the time plaintiff was deprived thereof by reason of said levy, and such damages, if any, to said engine that resulted proximately from the levy.

It is claimed by appellant that the instruction was erroneous because it stated that the separator was not exempt from execution, and that it permitted plaintiff to recover damages to the engine and for the loss of the use thereof only in case the jury found the same to be exempt. It is true that the court, after giving the jury the correct rule for determining whether the engine was exempt or not, added the clause relating to damages, but evidently did not pretend to fully state the measure of plaintiff's recovery in this instruction, but only sought to advise the jury that plaintiff would be entitled to recover damages

if the execution was wrongfully levied upon the property.

The instruction, in so far as same sub-
2. **Exemptions:**
property ex-
empt: threshing
machine sep-
arator.
mitted to the jury the question as to whether the engine was exempt or not, was clearly correct. The court also correctly informed the jury that the separator was not exempt from execution. *Meyer v. Meyer,* 23 Iowa 375.

II. The court in its Instruction No.
3. **Exemptions:**
enforcement
of rights:
wrongful levy:
damages: no-
tice to officer.
4 stated, in substance, that it was the duty of the sheriff, after levying upon the prop- erty, to give it such care as a reasonably prudent and careful man would give the same under like circumstances, and that, if he failed to do this, then he would be liable for any damages to the separa- tor resulting from the want of such care during the time plaintiff was deprived thereof by reason of the levy, and that the measure of plaintiff's recovery would be the differ- ence, if any, in the value of the separator at the time of the levy and its value at the time the levy was released. The court, in an instruction numbered 4½, said: ·

"If you find that the property levied upon by the de- fendant as sheriff was the property of the plaintiff, and was at the time exempt from execution, then you are in- structed that it was the duty of the plaintiff, at the time of the levy or thereafter, to claim such exemption and to request the defendant to release said property because of such exemption, and the defendant would not be liable for the detention of said property until such time as knowl- edge or notice was in some way brought home to him, if · it was brought home, that his levy was unlawful. If, however, you should find from a preponderance of the evi- dence that the defendant did have knowledge or notice that should have caused him to release the said property, and he did not do so, then, in such case, his detention of the property, after such notice or knowledge, was unlawful,

and he would be responsible for all damages, if any, re-sulting from his wrongful detention of said property."

Plaintiff excepted to both of said instructions before same were read to the jury. He complains because the court failed to include engine with the separator in the first, and that the latter was erroneous because, under the holdings of this court, defendant was not required to give the sheriff notice as stated in the instruction.

4. APPEAL AND ERROR: harmless error: in structions: incorrect measure of damages.
The instructions on the measure of damages were not very satisfactory, but the rule of law as to defendant's liability was correctly stated, and, if the jury had found in favor of the plaintiff, the failure to prop-erly state the measure of damages might have become ground for reversal; but, as the jury found that plaintiff was not entitled to recover, it cannot be said that the failure of the court to correctly state the measure of dam-ages was prejudicial, and this cause should not be reversed on account thereof.

III. Section 3991 of the Code is as follows:

"An officer is bound to levy an execution on any per-sonal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plain-tiff directs him to levy, unless he has received notice in writing under oath from some other person, his agent or attorney, that such property belongs to him; stating the nature of his interests therein, how and from whom he acquired the same, and consideration paid therefor; *or from the defendant, that the property is exempt from exe-cution;* but failure to give such notice shall not deprive the party of any other remedy. Or, if after levy he receives such notice, such officer may release the property unless a bond is given as provided in the next section; but the offi-cer shall be protected from all liability by reason of such levy until he receives such written notice."

Plaintiff was present at the time of the levy of the execution, and made no claim that the property, or any part of it, was exempt from execution. It is true that, under the provisions of Code Section 4017, he did not waive his right to bring action for damages on account of a wrongful levy because of such failure. It was the duty of the sheriff to levy upon any property which he found in the possession of the judgment debtor. The court, in *Blair v. Fritz*, 162 Iowa 716, expressed doubt as to the correctness of its holding in *Upp v. Neuhring*, 127 Iowa 713, in which the court apparently held that the notice required by the statute was not applicable to the defendant. The writer of the opinion evidently overlooked changes in the statute. The provision of the statute above quoted is very plain. The instruction given the jury by the court was more favorable than plaintiff was probably entitled to under the statute.

IV. Appellant complains of the refusal of the court to give a certain requested instruction, and of the admission of testimony over his objections. The instruction was not proper, and the court rightly refused to give the same. The objection to the admission of some of the testimony might have been properly sustained, but it is quite apparent that no prejudice resulted from the ruling of the court.

The verdict of the jury finds ample support in the testimony, and no reversible error appears in the record. The judgment of the lower court is therefore—*Affirmed*.

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.