### WOLLNER et al. v. DARNELL.

### No. 4602.

Court of Civil Appeals of Texas. Amarillo.

May 25, 1936.

Rehearing Denied June 8, 1936.

W. A. Hawkins, of Fort Worth, for appellants.

H. H. Smith, of Panhandle, for appellee.

MARTIN, Justice.

The record in this case is complicated and lengthy. Only such parts as furnish a background for the law questions discussed, will be noticed.

Appellee sued and obtained judgment against appellants in Carson county for damages in the total sum of $700, divided by items as follows: $200 damages to his tractor and automobile from the use therein of worthless oil sold him by appellants, $400 loss of profits from a crop, which he could not plant and cultivate because of an illegal levy upon his farm tractor, and $100 exemplary damages for such wrongful levy.

The material facts are undisputed. They are in substance: That appellant, Panther Oil & Grease Manufacturing Company, is and has been since prior to December 1, 1933, a Texas corporation; that on and since said date it has been doing a retail business in Texas in the sale of lubricating

oils and greases, under the fictitious trade-name of Tiffany Grease Works; that in said last-mentioned name, and without disclosing its legal identity, it sold to appellee about December 9, 1933, 30 gallons of lubricating oil, falsely and fraudulently representing to appellee in Carson county that it was a Texas corporation, of good financial standing, that such oil was of the very best grade and quality, of high test, and 100 per cent. paraffin base and well suited for use in tractors and automobiles; that such oil was purchased by and same was delivered to appellee in reliance upon the above and other statements; that such oil was thereafter used, proved worthless, and seriously damaged both appellee's tractor and automobile; that suit was brought in the name of Tiffany Grease Works, a corporation, for its purchase price and judgment obtained against appellee in Tarrant county; that execution was issued and levy made upon appellee's farm tractor and possession thereof taken and kept from about May, 1935, until July, 1935, and until too late to make a crop. All the above were pleaded in great detail, and are found upon uncontradicted testimony in substance and effect to be true in findings of fact filed by the trial court.

Appellants filed pleas of privilege. A controverting plea was filed, claiming venue, among others, because of the perpetration of a fraud and the commission of a trespass in Carson county, both of which we presently discuss. The trial court overruled appellants' pleas of privilege and its action in so doing is assailed under various propositions.

■ We pretermit any discussion of the effect and status of a judgment in a fictitious corporate name that has no existence. Whether such judgment be void or valid, a wrongful levy thereunder upon exempt property constitutes a trespass. 23 C.J. pp. 971, 972. Here it is shown without denial that appellee was a tenant farmer, holding a rental contract upon 320 acres of land, was the head of a family, possessing no horses or tractor other than the one levied upon, and was unable to farm without it. It was in our opinion exempt as an implement of husbandry under article 3832, R.S. 1925. Jackman v. Lambertson, 71 Kan. 138, 80 P. 55; Vandeventer v. Nelson, 180 Iowa, 705, 163 N.W. 354; Smith v. McBryde (Tex.Civ.App.) 173 S.W. 234; Southern Properties, Inc., v. Carpenter (Tex.Civ.App.) 50 S.W.(2d) 876. By express provision of article 1995, subd. 9, suit based upon a trespass may be maintained in the county where such trespass is committed.

■ That a rank and actionable fraud was perpetrated in Carson county on appellee by appellants, in the sale of the oil, is not denied. At least no denial of the above facts was made in the trial by appellants or by any witness for them. It would be wasting space to cite authorities for the well-known rule that in such case venue is given under subdivision 7 of article 1995, as amended by Acts 1927, 1st Called Sess., c. 72, § 1 (Vernon's Ann.Civ.St. art. 1995, subd. 7) in the county where such fraud occurs.

The trial court's action in this matter was in our opinion correct.

■ This brings us to the question of whether or not appellee may recover as general damages judgment in the sum of $400 for the loss of an unplanted crop and a rental contract. Respecting this phase of his case, appellee alleged in part: "That plaintiff's said farm tractor was seized and taken into custody by said defendant, Reuel Smith, as aforesaid, on or about the 10th day of May, 1935, and was held by him with the permission and upon the instruction of defendants, Carl Wollner, Carl Shanks and Panther Oil & Grease Mfg. Co., as aforesaid, until on or about the 9th day of July, 1935, at which time said defendants, Carl Wollner, Carl Shanks and Panther Oil & Grease Mfg. Co., authorized the release thereof; that said farm tractor was seized and taken from plaintiff, as aforesaid, just prior to the time he had arranged to begin plowing for row crop for the year 1935; that at the time said farm tractor was seized and taken, as aforesaid, plaintiff owned and held by virtue of a lease contract two-thirds interest in three hundred twenty acres of land in the East part of Carson County, Texas, on which he resided and farmed, and on which he had been so residing and farming since the year 1929; that one hundred and thirty acres of said land had been set aside by plaintiff for the purposes of planting and growing a row crop thereon for the year 1935, and on which he could and would have planted and grown a row crop for such year had it not been for the seizure aforesaid; that after said farm tractor was taken, as aforesaid, plaintiff was unable to rent, hire or otherwise procure a tractor or other suitable motive power with which to plow said one hundred and thirty acres of land and plant same to row crop for the year 1935; and that by reason of having said farm tractor taken from him, as aforesaid,

plaintiff was prevented from planting a row crop for the year 1935, and was prevented from preparing for planting and from planting said one hundred and thirty acres of land to row crop for the year 1935; that, as a result, plaintiff lost the use of said one hundred and thirty acres of land for row crop purposes for the year 1935, and the rental value thereof for the year 1935; that at the time said farm tractor was released, as aforesaid, it was then too late in the season to plow for or plant a row crop for the year 1935; that, as a result of having said farm tractor taken from him, as aforesaid, plaintiff was forced to give up and relinquish said one hundred and thirty acres of land to another person." These are followed by allegations intended to show the probable yield of 130 acres of land, and consequent damages. His evidence fully sustained these allegations. There is no allegation or proof that appellants knew any of these facts when the wrongful levy was made. In short, the appellee neither pleads nor proves special damages, his theory being that general damages may be recovered as stated above. He argues here that because he proved such damages with certainty they are not remote or speculative as contended by appellants. The facts against appellants are particularly vicious, and morally they richly deserve to pay the full amount of this judgment. But we cannot permit bad facts to become the creator of bad law, and a dangerous precedent. We find no authorities with similar facts, where such a recovery has been allowed. To the contrary, there are cases not essentially different from the present one, where this precise question seems to have been decided against appellee's contention.

We quote:

"The plaintiff was also asked by his counsel what plow-stock he had the year when his mare and mule were taken, and he replied that he had no other stock than said mare and mule. To both the question and answer the defendants separately objected, but their objections were overruled, and they excepted. He further testified that he was engaged in farming and had begun to pitch his crop, or had made arrangements to do so, when his said stock was taken from him. To this testimony the defendants also objected, but the court overruled their objection, and they excepted. * * *

"The evidence introduced to show a special damage to plaintiff in his farming operations was irrelevant. No special damages are laid in the complaint, and, if they were, that sought to be proved would be too remote, speculative and contingent to be recovered. Pollock v. Gantt, 69 Ala. 373, 44 Am.Rep. 519; Jones' Chat.Mort. § 437; Burton v. Holley, 29 Ala. 318, 65 Am.Dec. 401." Street v. Sinclair, 71 Ala. 110, at pages 112, 113 and 116.

"He could not allow his land to go uncultivated, and ask the jury to speculate as to what his crops would or might have been, if he had had the use of the ox. The income from the land depended much upon after-cultivation, as well as upon the seed, the season, the harvesting, and many contingencies, as well as the proper cultivation of the land in the spring. It furnished no just and exact measure of the loss occasioned by the attachment of the ox." Napoleon Luce v. Edwin Hoisington, 56 Vt. 436.

"The damages alleged, except the items above referred to, all appear to have grown out of the fact that plaintiffs had a contract to build certain bridge pillars, of which, so far as it appears from the petition, the officer knew nothing, and such damages are certainly not such as would be the obvious consequence of the injury, or such as could have been reasonably foreseen." McKnight et al. v. Carmichael et al., 7 Tex.Civ.App. 270, 27 S.W. 150, at page 151.

"The pleadings do not make a case of special damages growing out of the loss of profits of a contract or contracts made known to the appellees at the time of the making of the rental contract in this case. It is clear, then, that the measure of appellant's recovery upon this item would be the reasonable rental value of the tents during the time they were unreasonably held by appellant." Baker & Lockwood Mfg. Co. v. Clayton et al., 40 Tex.Civ.App. 586, 90 S. W. 519, 520.

"Profits expected to be realized from crops that have not matured are too speculative and uncertain to be estimated as damages, and especially is this so where no crop has matured upon which a reasonable estimate may be based. * * *

"The gains or profits of collateral enterprises or subcontracts are, as a rule, too speculative and contingent to afford an element of recovery in the case of a breach of the primary contract. Further, they are ordinarily not the natural and probable consequence of such breach. Where, however, a collateral or subcontract is within the knowledge and contemplation of the parties

when the original contract is made, and is known to have been made in reference thereto, the anticipated gains or profits may be recovered." 17 C.J. pp. 797, 793, 794.

"General damages are those which naturally and necessarily result from the wrongful act or omission, that is to say, those which are traceable to, and the probable and necessary result of, the injury, or which the law implies or presumes to have accrued from the wrong complained of. * * *

"Special damages are such damages as do not necessarily result from the injury complained of, though they are the natural result of such injury, or, in other words, such damages as actually result from the injury, but are not implied by law." 8 R.C.L. pp. 429, 430.

When the levy in question was made, appellee's crops were unplanted, and at the time of the trial those planted by another were still unmatured.

Under the pleading and proof here, we hold that the amount of the judgment for loss of profits from such crop could not be recovered.

The judgment for exemplary damages in the sum of $100 must also be set aside, because there exists under this record no basis for actual damages resulting from such levy, it appearing that no pleadings or evidence exists either for the value of the use of the tractor or for special damages. It is, we think, well settled that exemplary damages are not recoverable in the absence of any basis for actual. Under this record, as we view it, there exists no possible legal basis for the appraisal of any contention that actual damages resulted from the levy. 17 C.J. p. 974; Girard v. Moore, 86 Tex. 675, 26 S.W. 945.

We think the evidence amply sufficient to sustain the item of $200 damages to the tractor and automobile resulting directly from the use of the oil in question, and that such item is recoverable. There is, however, no allegation or proof of any exemplary damages based upon this phase of the case. The right to such depends entirely upon the said wrongful levy.

Other contentions are without any merit and will not be discussed.

Judgment will be affirmed upon condition that said two items aggregating $500 be remitted within fifteen days; otherwise, reversed and remanded.

Affirmed upon condition of remittitur.

### On Motion for Rehearing.

Appellee vigorously contends that we are in direct conflict with many Texas cases in our conclusion that he cannot recover for loss of his rental contract, and of the profits from a row crop of 130 acres, which was to be planted under such contract after the unlawful levy on his tractor. We briefly quote from one of these cases, emphasized by appellee as directly contradicting our holding in this case:

"The evidence in the record sufficiently shows that defendant was apprised, through its agents, of the fact that plaintiffs expected to plant between three and four hundred acres of their land in San Augustine county to oats in the year 1914, and defendant knew that plaintiffs would probably lose their oat crop for that year unless the tractor and plows would do the work required by plaintiffs, and as represented they would do by defendant. * * *

"We think that the claimed damages for an oat crop that would have been planted in the fall of 1915 and harvested in 1916 are too remote, and therefore the damages allowed by the trial court to that extent cannot be upheld. In this connection, we think there was no evidence that defendant was put on notice that plaintiffs expected to plant any oats in 1915, to be harvested in 1916, and therefore damages for loss of an oat crop for that year, being in the nature of special damages, are not recoverable." Avery Co. v. Harrison Co. (Tex.Civ.App.) 254 S.W. 1015, at pages 1018, 1019.

Recovery was allowed for 1914, but disallowed for 1915-1916. This authority, it seems to us, supports, instead of contradicting our original opinion. Here, there is no allegation or proof that appellant had any notice of such rental contract, or of appellee's intention to plant 130 acres of row crop, or even that appellee was a tenant farmer, when the unlawful levy was made. Appellee assumes and argues that because he properly alleged notice of the exempt character of the tractor, appellant in law had such notice, as authorized the recovery of the damages already discussed. Wheat as well as row crops are planted. The former could not have been in contemplation of the parties in May, and we cannot hold as a matter of law, appellant had notice of appellee's intention to plant the latter, or of the other facts pleaded and made the basis of the damages recovered.

It would have been easy for appellee to have alleged facts which authorized the re-

covery of special damages, if any existed. We cannot supply by inference what should have been alleged and proven directly.

Motion overruled.