

# The Attorney General of Texas

November 9, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tom Uher
Chairman
Committee on Regions, Compacts and
  Districts
Texas House of Representatives
Austin, Texas    78769

Opinion No. JM-87

Re:    Whether constitutional
and statutory tax exemptions,
specifically section 23.42 of
the Tax Code and article VIII,
sections 1-d, 1-d-1, 19, and
19a of the Texas Constitution,
pertain to fish and other
forms of aquatic life

Dear Representative Uher:

You ask whether constitutional and statutory ad valorem tax exemptions and special valuation provisions, specifically section 23.42 of the Tax Code and article VIII, sections 1-d, 1-d-1, 19, and 19a of the Texas Constitution, pertain to fish and other forms of aquatic life. We conclude that they do.

Section 23.42(d)(1) of the Tax Code sets forth the following definition of "agriculture" for purposes of calculating the value of real property used for "agricultural purposes" under special valuation statutes:

> 'Agriculture' means the use of land to produce plant or animal products, _including fish_ or poultry _products_, under natural conditions but does not include the processing of plant or animal products after harvesting or the production of timber or forest products. (Emphasis added).

Before addressing the scope of the statutory definition, we must first determine whether the definition of "agricultural use" set forth in section 23.42, by its inclusion of "fish . . . products," expands the definition of "agriculture" or "agricultural use" contained in the aforementioned Texas constitutional provisions. If it does, it is unconstitutional and void. See City of Amarillo v. Amarillo Lodge No. 731, A.F. & A.M., 488 S.W.2d 69 (Tex. 1972); Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S.W.2d 908 (Tex. 1972); Dickison v. Woodmen of the World Life Insurance Society, 280 S.W.2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). We conclude that section 23.42, with its inclusion of "fish . . . products" in its definition of "agriculture," is constitutional.

Article VIII, section 1-d of the Texas Constitution requires that land qualifying for the agricultural use designation shall be appraised for ad valorem tax purposes, not at market value, but on the basis of those factors relative to agricultural use. Subsection (a) provides that

> '[a]gricultural use' means <u>the raising of livestock or growing of crops, fruit, flowers, and other products of the soil under natural conditions</u> as a business venture for profit, which business is the primary occupation and source of income of the owner. (Emphasis added).

Article VIII, section 1-d-1(a) of the Texas Constitution permits the legislature by general law to provide for ad valorem taxation of land "devoted to farm or ranch purposes." We note, of course, that "agricultural use" under article VIII, section 1-d of the Texas Constitution extends special valuation benefits only to those products grown under "natural conditions." No such limitation restricts the scope of article VIII, section 1-d-1. Article VIII, section 19 exempts from taxation "farm products, livestock, and poultry in the hands of the producer." Finally article VIII, section 19a exempts from taxation "implements of husbandry that are used in the production of farm or ranch products."

Words in a constitution will be considered to have been used in their natural sense, <u>Markowsky v. Newman</u>, 136 S.W.2d 808, 813 (Tex. 1940), and ordinary signification, <u>Ferguson v. Wilcox</u>, 28 S.W.2d 526, 530 (Tex. 1930), unless the context indicates the contrary. <u>Sugg v. Smith</u>, 205 S.W. 363, 373 (Tex. Civ. App. - Austin 1918, writ ref'd). Language used in constitutional provisions must be presumed to have been carefully selected, and the words used are to be understood as people generally understand them. <u>Leander Independent School District v. Cedar Park Water Supply Corporation</u>, supra at 912; <u>Cramer v. Sheppard</u>, 167 S.W.2d 147, 152 (Tex. 1942). Words and phrases such as "agricultural," "livestock," "products of the soil," "farm or ranch purposes," and "farm or ranch products" do not ordinarily signify or include the production of fish or other forms of aquatic life. However, "agriculture" has been defined as

> [t]he art or science of cultivating the ground, including harvesting of crops and rearing and management of live stock; husbandry; farming; <u>in a broader sense, the science and act of the production of plants and animals useful to man.</u> (Emphasis added).

<u>Gordon v. Buster</u>, 257 S.W. 220, 221 (Tex. 1923).

No Texas case has directly addressed this specific issue. However, this office has construed "agriculture" to include

"mariculture." In Attorney General Opinion H-272 (1974), this office concluded that a statute authorizing demonstrations in "agriculture and home economics" was sufficiently broad to include demonstrations on mariculture and fisheries. The opinion noted that "mariculture" may be defined as "the cultivation of marine organisms by exploiting their natural environment." The opinion declared that

> 'agriculture' was intended to mean, in addition to the cultivation and harvesting of crops (its narrow definition), the science and art of production of plants and animals useful to man . . . including . . . <u>mariculture</u>.

Attorney General Opinion H-272 (1974).

Clearly our responsibility, like that of the courts, is to determine legislative intent and give effect to it. <u>Knight v. International Harvester Credit Corp.</u>, 627 S.W.2d 382 (Tex. 1982); <u>Minton v. Frank</u>, 545 S.W.2d 442 (Tex. 1976). In this instance, however, our examination of the legislative history pertaining to the recent property tax enactments does not reveal legislative intent as to this issue. Nevertheless, we conclude that a better reading of the applicable constitutional provisions would include "mariculture" or, more properly, "fish . . . products" within the ambit of "agriculture" or "livestock."

We now must turn to an examination of section 23.42(d)(1) of the Tax Code to determine the scope of the phrase "fish . . . products." You specifically wish to know whether "shrimping, fishing, the harvesting of the sea, and the raising of acquatic plant and animal life in man-made and natural environments" falls within the ambit of section 23.42. Without attempting to enumerate an exhaustive list of products and activities which fall within section 23.42, we conclude that each of the above activities could fall within the denotation of "mariculture" and, therefore, of "agriculture" in its broad sense if such activity includes cultivation or production. To the extent that "mariculture" consists of cultivation or production, we believe that it is included within the meaning of "agriculture" for purposes of section 23.42. To the extent that "harvesting" consists of the mere capture of animal life, we believe it is not within the meaning of "agriculture." For example, a person who engages in the licensed practice of fish farming pursuant to chapter 48, a person who engages in licensed shellfish culture pursuant to chapter 51, or a person planting or cultivating crustaceans or mollusks pursuant to chapters 76-78 of the Parks and Wildlife Code could receive the beneficial ad valorem tax treatment afforded by section 23.42 of the Tax Code.

A more difficult issue concerns the application of these benefits to activities on the seas and the personal property, such as netting and boats, used in such activities. In Attorney General Opinion MW-451 (1982), this office discussed the scope of section 11.161 of

the Tax Code which permits an individual to exempt from ad valorem taxation "implements of farming or ranching that he owns and uses in the production of farm or ranch products." Therein, this office declared that courts focus on the use to which an item is put, Hickman v. Hickman, 234 S.W.2d 410 (Tex. 1950), declaring "implements of [farming and ranching]" to include "all implements used by the farmer in conducting his farming operations, not only those that he might use directly, but those used by his tenants and employees." Smith v. McBryde, 173 S.W. 234, 235 (Tex. Civ. App. – San Antonio 1915, no writ). (Emphasis added). See also Wollner v. Darnell, 94 S.W.2d 1225 (Tex. Civ. App. – Amarillo 1936, no writ) (tenant farmer with rental contract upon 320 acres of land and who possessed only one tractor and no horses; court held that, since claimant was unable to farm without the tractor, tractor was exempt as an implement of husbandry); Driscoll Foundation v. Nueces County, 445 S.W.2d 1 (Tex. Civ. App. – Beaumont 1969), writ ref'd n.r.e. per curiam, 450 S.W.2d 320 (Tex. 1970) (land entitled to special valuation even though land was cultivated by tenant, rather than by trustees or employees).

Analogously, we conclude that personal property used in mariculture activities is exempt under article VIII, section 19a of the Texas Constitution even in an instance in which the claimant does not own the bed under the waters in which such activities take place or in an instance in which the claimant undertakes such activities in waters at the sufferance of the state if and only if such activity involves production or cultivation. Mere fishing or harvesting consisting of the capture of animal life will not qualify. See, e.g., Attorney General Opinion H-1090 (1977).

Accordingly, we conclude that section 23.42 of the Tax Code and article VIII, sections 1-d, 1-d-1, 19 and 19a of the Texas Constitution, pertain to fish and other forms of aquatic life.

## S U M M A R Y

Section 23.42 of the Tax Code and article VIII, sections 1-d, 1-d-1, 19 and 19a of the Texas Constitution, pertain to fish and other forms of aquatic life.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton