HORATIO J. FOWLER *vs.* TRISTRAM C. GILMAN.

When the plaintiff, in an action of trover, admits that the defendant, at the time of the conversion, had a lien on the goods for an ascertained amount, the rule of damages is the value of the goods, deducting the amount of the lien, and adding interest on the balance.

TROVER for a wagon. At the trial in the court of common pleas, before *Washburn*, J. there was evidence tending to show that one Orfut, under whom the defendant claimed title to the wagon, bargained the same to Henry Fowler, under whom

the plaintiff claimed it, the bargain being that the wagon should be said Henry's upon his paying a certain price ; that Orfut sold his interest in the wagon to the defendant, who had knowledge of the aforesaid bargain, and that said Henry sold his interest in the wagon to the plaintiff ; that said Henry made several payments towards the agreed price ; and that when Orfut sold his interest to the defendant, a balance of $14 was due towards the contract price for the wagon.

It was also in evidence that, while the wagon was in the defendant's possession, the plaintiff tendered to him the aforesaid sum of $14, and demanded the wagon of him, and that he refused to accept the sum tendered, denying the plaintiff's title. No money was paid into court, and there was no evidence that the defendant demanded the $14 of the plaintiff, after the tender. The plaintiff's counsel asked the judge to instruct the jury that, in fixing the amount of damages, if they should find for the plaintiff, they should not deduct the $14 from the estimated value of the wagon. The judge so instructed the jury, who found a verdict for the plaintiff for the full value of the wagon. The defendant alleged exceptions to the judge's instructions.

*J. G. Abbott*, for the defendant.

*Wentworth*, for the plaintiff.

SHAW, C. J. It appears to us that the jury should have been instructed to deduct the fourteen dollars from the value of the wagon, in case of a verdict for the plaintiff. No doubt the true general rule of damages, in trover, is the value of the goods at the time of conversion, with interest. *Kennedy* v. *Whitwell*, 4 Pick. 466. This rule applies where the plaintiff is the general owner, or is answerable over to others. But where the plaintiff admits that the defendant has a lien on the property, to a certain amount, that amount may be deducted by the jury, in assessing damages. *Green* v. *Farmer*, 4 Bur. 2214, 2223. *Chamberlin* v. *Shaw*, 18 Pick. 283. *Dresser Manuf. Co.* v. *Waterston*, 3 Met. 9.

It is to be taken, in this case, and the plaintiff, by his tender, has admitted, that the defendant had the same lien on the

wagon which Orfut had when he sold his interest therein to the defendant, namely, a lien for the unpaid balance of the price which Henry Fowler had agreed to pay for the wagon, before it should become his property. The amount of that lien is agreed to have been fourteen dollars.

By consent of parties, the verdict may be amended by deducting fourteen dollars therefrom, and judgment be rendered on the verdict so amended. Otherwise, the verdict will be set aside, and a new trial had in the court of common pleas.