## E. E. SMITH v. C. A. STRATTON.

Decided January 2, 1904.

**Bailment—Measure of Damages—Market Value.**

Where plaintiff rented a traction engine to defendant under a special contract that defendant was to return it in as good condition as when he got it, and the engine was injured while in defendant's control, and he had it repaired before returning it, it was error for the court, in an action of damages for the injury, to charge as the measure of damages the difference in the market value of the engine before and after the injury, since plaintiff's right of recovery was not for tortious negligence, but upon the special contract as alleged by him.

Appeal from the County Court of Clay. Tried below before Hon. Jas. F. Carter.

*W. T. Allen,* for appellant.

*Denny & Taylor,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee to recover the rental value of a traction engine and for damages thereto. The allegations were to the effect that appellee was the owner of such an engine, and that appellant, on October 21, 1901, contracted to take it and pay for its use at the rate of one dollar per day until returned, and that appellant "agreed to return said engine to plaintiff in as good condition as when he got it." It was further alleged that shortly after appellant received said engine "he, his agents and employes so negligently, carelessly and recklessly manipulated, managed and run said engine, that it was run off of a bridge and into a creek," whereby it was damaged as particularly set forth.

There was conflict in the evidence as to the terms of the contract, as to the proximate cause of the mishap to the engine, and as to the value of the engine, after its repair by appellant, on the day of its return to appellee. Appellee, however, secured verdict and judgment for $300, from which this appeal has been prosecuted.

We are of opinion that error was committed by the court in giving the following special instruction at appellee's request, viz: "Gentlemen of the jury: You are charged that if you believe from the evidence that the defendant, E. E. Smith, his agents or servants, so negligently and carelessly run said engine that same was run off the bridge on Dry Fork Creek, and it thereby became impaired and damaged as charged in plaintiff's petition, and that said injury and damage, if you find any was sustained by said engine, was of such a nature or character that same could not be repaired so that said engine would sell on the market for as much as it would have sold for but for same, then you will find for the plaintiff the difference between the market value of said engine immediately before and immediately after the running of the engine off the bridge on Dry Fork Creek."

In the court's general charge the jury were instructed that if they found for appellee, and that said engine had been damaged, they should find in appellee's favor for the rental value as alleged, "together with the difference in the reasonable market value of said engine in the condition in which the defendant received the same and its reasonable market value at the time plaintiff received said engine, as alleged in plaintiff's petition." It is thus made apparent that the special instruction on the measure of damages to the engine was diametrically opposed to both the general charge and to the averments in appellee's petition. Appellee's right of recovery, if any, was upon the special contract as alleged, and the application of the rule on the measure of damages arising in cases of negligence or tort was radically erroneous. The error noted, too, seems specially harmful in this case in that the engine undoubtedly was of less value immediately after its injury than before, while the evidence sharply conflicted as to whether, after its repair and return by appellant, it was of less value than when appellant received it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*