SCHALLERT v. BOGGS et al. (No. 5928.)

(Court of Civil Appeals of Texas. Austin. April 2, 1919.)

COSTS ⊂⊃254(5)—APPEAL—NARRATIVE TRANSCRIPTION OF TESTIMONY—STENOGRAPHER'S NOTES—STATUTE.

Under Acts 32d Leg. c. 119, §§ 5, 6 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1924, 2070), amending Rev. St. 1911, arts. 1924, 2070, requiring official stenographer to transcribe testimony in question and answer form, so that request therefor is not necessary, and requiring him to make out a narrative form of the statement of facts when requested by appellant, for which he shall be paid by appellant, and the amount not taxed as costs, where narrative form of testimony was transcribed by stenographer on request of appellant, his fee is not taxable as cost of appeal.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

On motion to recall mandate. Motion overruled.

For former opinion, see 204 S. W. 1061.

J. D. Williamson, of Waco, for the motion. W. L. Eason, of Waco, opposed.

JENKINS, J. On a former day of the present term of this court, the above-entitled cause was reversed and remanded. In the itemized bill of costs in the record was the following: "R. K. Barton, Steno.—$375.00." The clerk of this court, not being able to determine that this was an item properly chargeable as part of the cost of appeal herein, issued the mandate of this court without collecting the same. Appellant filed a motion to recall the mandate, and the clerk of this court was instructed to have said mandate returned until the matter could be further inquired into.

Appellant relies upon article 2070, R. S., which provides that the stenographer's fee for making up a statement of facts shall be charged as part of the cost of appeal, where no question and answer form of the testimony has been filed. We have been furnished with the affidavit of the stenographer and the certificate of the clerk that no question and answer form of the testimony was filed in the instant case. But the Revised Statutes of 1911 have been amended in two

important respects by the Act of March 31, 1911, c. 119, p. 264 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2070). As the law stood prior to the passage of said act, the stenographer was not required to make out a statement of the testimony in question and answer form, unless requested so to do by one of the parties to the suit (R. S. art. 1924); and, in the event no such statement of the testimony was made out, he was entitled to be paid for a narrative form of the statement of facts, the same to be taxed as part of the cost of appeal (R. S. art. 2070). Under the Act of March 31, 1911, § 5, the official stenographer is required to transcribe the testimony in question and answer form "in case an appeal is perfected from the judgment rendered," and a request for the same is not necessary. Vernon's Sayles' Statutes, art. 1924. He is required to make out a narrative form of the statement of facts "when requested by the party appealing," for which he shall be paid by such party 15 cents per folio of 100 words, "and said amount shall not be taxed as costs." Section 6, Act 1911, Vernon's Sayles' Statutes, art. 2070.

For the reason stated, the motion of appellant to require the clerk of this court to tax the stenographer's fee for making out the narrative form of the statement of facts herein, as part of the cost of appeal, and to withhold the mandate herein until the same is paid, is overruled, and the clerk of this court is ordered to return said mandate to the trial court.

Motion overruled.