**WAGNER & CHISHOLM v. DUNHAM.**
**(No. 895.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 5, 1923. Rehearing Denied Jan. 17, 1923. On Appellee's Motion to Retax Costs, Feb. 7, 1923.)

1. **Bills and notes** ⚖️534 — Payment of note not refused within meaning of clause permitting recovery for attorney's fees.

Where a note given for the purchase of an automobile stipulated for 10 per cent. attorney's fees, buyer's action against seller for seller's negligent loss of the automobile, in which buyer admitted liability on the notes, pleaded them as an obligation, and asked that seller be given full credit therefor, was not a refusal by buyer to pay the note within the meaning of the clause providing for attorney's fees, and in refusing seller judgment on the notes with attorney's fees added there was no error.

2. **Damages** ⚖️105—Measure of damages for automobile negligently lost by seller stated.

Where the buyer of an automobile subsequently left it with the seller for repairs, and through seller's negligence it was lost, buyer's measure of damages was its value at the date of loss, deducting the amount due on purchase-money notes as of that date with interest at 6 per cent. on the balance.

3. **Costs** ⚖️238(1)—Of appeal taxed against plaintiff where rate of interest on judgment excessive and awarded plaintiff on his motion.

Where the proper interest on a judgment was 6 per cent. and interest at 8 per cent. was awarded plaintiff on his motion, and the error called to the trial court's attention by defendants on their motion for rehearing, the costs of appeal will be taxed against plaintiff.

*On Rehearing.*

4. **Evidence** ⚖️501(7)—Witness testifying as to market value permitted to state opinion with facts on which it is founded.

Witnesses testifying as to market value should be permitted to state their judgment or opinion together with the facts on which such opinion is founded.

5. **Evidence** ⚖️568(4) — On issue of market value weight of testimony of witness refusing to testify positively is for jury.

On the issue of market value the weight of testimony of a witness who refuses to testify positively to the fact is for the jury to determine.

6. **Evidence** ⚖️113(16) — "Market value" of automobile defined.

As respects liability for negligent loss of an automobile while being repaired, its market value was not such sum as it would bring at a forced sale, but such sum as it would bring when offered to a person who was in the market for a secondhand car, and who was willing to pay its just and full value (quoting Words and Phrases, Second Series, Market Value).

7. **Livery stable and garage keepers** ⚖️7 — Finding of damages sustained by evidence.

In action for negligent loss of automobile while being repaired, evidence *held* to sustain a finding of $700 damages.

*On Appellee's Motion to Retax Costs.*

8. **Costs** ⚖️254(5)—Narrative form of testimony in record not taxed as costs.

Where no question and answer form of testimony was filed in the trial court, but only the narrative form, which is in the record as a statement of facts, no costs can be taxed there for.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by W. B. Dunham against Wagner & Chisholm. From a judgment for plaintiff, defendants appeal. Reformed and rendered.

Sonfield, Nall & King, of Beaumont, for appellants.

Thos. N. Hill, of Beaumont, for appellee.

WALKER, J. This was a suit by appellee against appellants for the value of his automobile negligently lost by them on or about the 8th day of August, 1918, while they held it for repair. On the 9th day of July, 1918, appellee purchased the automobile from appellants, paying part cash, and at the time the automobile was lost owed a balance of $315 on the purchase price, which was evidenced by promissory notes dated the 9th day of July, 1918, drawing interest at 8 per cent. per annum from date, stipulating for 10 per cent. attorney's fees, and secured by a chattel mortgage on the automobile. Appellee prayed for judgment for the amount of the automobile and for the cancellation of the unpaid purchase-money notes by having them applied as a credit against the value of the automobile. Appellants prayed for judgment on their notes, with interest and attorney's fees, and for foreclosure of their chattel mortgage lien. On a trial to a jury on special issues, facts were found making appellants liable for the value of the car, which was fixed by them at $700. Judgment was entered on the verdict of the jury in favor of appellee for $700, with interest at 8 per cent. per annum from the 8th day of August, the day the automobile was delivered to appellants, to the date of judgment, and in favor of appellants for the balance due on their notes, with interest at 8 per cent. per annum from date to the date of the judgment. As of date of the judgment appellee's recovery was credited with the balance due on the notes. Appellants were denied recovery for attorney's fees. The judgment in appellee's favor draws interest at the rate of 8 per cent. per annum from date until paid.

Appellants advance the following propositions:

(1) The judgment has no support in the evidence on the issue of market value of the automobile.

(2) The court erred in refusing to award attorney's fees;

(3) The court erred in awarding interest at 8 per cent. per annum on the value of the automobile.

#### Opinion.

The judgment has sufficient support in the evidence. One witness, fully qualified to testify as to the market value of the lost automobile, said that it was worth about two-thirds of its purchase price, which was $850.

He said his estimate was within $50 or $100 of the value of the car. Appellee had owned the car only a month. The testimony was that the injury to the automobile at the time it was delivered to appellants was only slight. Mrs. Dunham testified that she told appellants on the day the automobile was delivered to them for repair that she was dissatisfied with it, and wanted them to sell it, and they told her it could be sold at a small loss. Appellants testified that they sold the car to appellee at its reasonable market value. Beaumont, Sour Lake & Western Ry. Co. v. Myrick (Tex. Civ. App.) 208 S. W. 939.

[1] Appellants were not entitled to attorney's fees. After the loss, appellee admitted liability on the notes, pleaded them as an obligation, and prayed that appellants be given full credit therefor. Appellee did not refuse to pay the notes within the meaning of the clause providing for attorney's fees. As the appellants had negligently lost the property on which they held the lien, thus causing appellee to suffer damages in excess of their lien, no cause of action could arise for attorney's fees, in view of the prayer of appellee asking that the full amount of the notes be credited against his recovery.

[2] Appellee's measure of damages was the value of the automobile at the date it was lost, deducting the amount due on the purchase-money notes as of that date, with interest at 6 per cent. per annum on the balance due him. The rule is thus stated in the syllabus to Fowler v. Gilmer, 54 Mass. (13 Metc.) 267:

"When the plaintiff, in an action of trover, admits that the defendant, at the time of the conversion, had a lien on the goods for an ascertained amount, the rule of damages is the value of the goods, deducting the amount of the lien, and adding interest on the balance."

For other authorities, see 47 Cent. Dig. Trover and Conversion, § 279.

Of course, it will not be questioned that the same measure of damages applies to a bailee in default as to one guilty of a conversion.

"Whether he recovers the value for the failure of a vendor or bailee to deliver, or by reason of the destruction, asportation, or conversion of the property by a wrongdoer, interest is as necessary to a complete indemnity as the value itself. The injured party ought to be put in the same condition, so far as money can do it, in which he would have been if the contract had been fulfilled or the tort had not been committed, or the loss had been instantly repaired when compensation was due." Sutherland on Damages (3d Ed.) § 105.

See, also, Baker v. Clayton, 40 Tex. Civ. App. 586, 90 S. W. 519; Masterson v. Goodlet, 46 Tex. 402; Phillips v. Hughes (Tex. Civ. App.) 33 S. W. 157; Smith v. Stratton,

34 Tex. Civ. App. 171, 78 S. W. 4; Robinson v. Varnell, 16 Tex. 382.

[3] The judgment of the trial court will be reformed, and judgment here entered as indicated. As it appears that interest at 8 per cent. was awarded appellee on his motion, and that the error was called to the attention of the trial court by appellants in their motion for rehearing, it is further ordered that the costs of this appeal be taxed against appellee.

### On Rehearing.

Appellants have asked us to make a fuller statement on the issue of market value, strenuously insisting that the verdict of the jury has no support in the evidence.

Appellant C. D. Wagner testified:

"I think I sold that car to Mr. Dunham for $850. As to what the actual market value of the car was at that time, well, we were selling Maxwell cars for that amount at that time. I consider that was the market value of the car."

Referring to the morning the car was injured, Mrs. Dunham testified:

"I asked him [Mr. Wagner] if he could dispose of it without much loss, and he said he thought he could, as he had a buyer for a Maxwell car on the day before."

Henry, Austin testified:

"I saw the car after it was injured. That car was the car in question here in this suit. The front axle of the car was bent or the front wheel was out of line. * * * I don't remember that there was any exact amount put on the loss, but as well as I remember it was very small, in the neighborhood of $10 or $15. It was a very minor accident. I was not in Mr. Dunham's house when the accident occurred. I saw Mr. Dunham that day."

Ellis S. Joubert testified:

"I live at 1995 Liberty street. I am engaged in the automobile repair business. I have been engaged in that business in Beaumont about nine years. I was engaged in that business in 1918, and along about August, 1918, I was particularly well acquainted with the value of cars generally, and used, secondhand cars. I did service work on Maxwell cars when I had the agency here and some for Mr. Wagner at times. I was acquainted with cars in 1918, along about August 8th, Maxwell cars, and knew the market value of both secondhand and new cars within around approximately $50 or $100.

"Q. What would be, Mr. Joubert, the value of a five-passenger touring Maxwell car of 1918 model, new, practically new, in 1918, of the one described here you have heard testified about?

"Mr. Nall: If he knew the condition of this car. This was a damaged car at the time it was stolen, and we insist that he should know the condition of the car.

"Q. The axle of this car slightly twisted, as described here in the testimony which you have heard. It was a new car, no demonstrator.

"Mr. Nall: There was nothing to show it was a new car.

"A. The price along about that time was $850 for a Maxwell car, to my knowledge. That is the value of a new car. The value of a new car run a month, just a month, with this axle slightly twisted, depends on how the car is going to be sold. A car with an axle bent would depreciate a car quite a bit to a buyer that wasn't familiar with automobiles. My opinion of a car bought as a new car and owned by any one becomes a secondhand car, after it is first bought, you know, and taking a car that way, that would have to be agreed upon, the party buying and paying for the car, what he figures on buying the car for, or what the buyer agrees to sell it for. In other words, if I bought a car, I would figure on the price I paid for it and the profit I wanted to make. I can give that testimony in a matter of business I turned myself. I have bought a Maxwell car, especially, that was in a street car wreck; bought it off the street. The condition of this car, run a month, and the axle slightly twisted, value $850 new, as I stated, I think it would be depreciated about one-third. I think that would be a depreciation of about $225."

Vol. 3, Words and Phrases, Second Series, 301, gives the following definition of market value:

" 'Market value' is said to be such sum of money as the property is worth in the market generally to the persons who would pay the just and full value for what the property would bring at a fair sale, where one party wants to sell and the other to buy."

[4] Market value can be shown by circumstances. 13 Enc. of Ev. 511. Witnesses testifying as to market value should be permitted to state their judgment or opinion, together with the facts upon which such opinion is founded. Jones' Commentaries on Evidence, § 363.

[5] On the issue of market value, the weight of the testimony of a witness who "refuses to testify positively to the facts is for the jury to determine." 14 Enc. of Ev. 142.

[6, 7] It is conceded that Joubert was qualified to testify as to market value. His estimate was that the car had depreciated a third from its cost price. In amount he stated the depreciation to be, in his judgment, $225. In qualifying as an expert, he said that he could testify within $50 or $100 of the value of a secondhand Maxwell car. Under the rule above cited from 14 Enc. of Ev., it is for the jury to weigh his evidence and reach their own conclusion of the value of the car within the limits proposed by him. The verdict of $700 is less than the extreme amount which he suggested. The market value of a secondhand automobile is not such sum as the car would bring at a forced sale, but such sum as it will bring when offered to a person who is in the market for a secondhand car, and who is willing to pay its just and full value. The wit-

ness recognized this rule in making his estimate, as he said, "taking the car that way, that (the market value) would have to be agreed upon, the party buying and paying for the car what he figures on buying the car for, or what the buyer agrees to sell it for."

Again, on the facts of this case, the jury were not required to find within the limits of this witness' testimony. All the circumstances were before them for their consideration in reaching their verdict. The car had been used only a month. The injury to the car was very slight. One of the appellants stated that he thought he could sell the car without much loss. The weight to be given these circumstances was for the jury. In the light of the statement made by us on this rehearing, we cannot escape the conclusion that the verdict of the jury is fully sustained.

The motion for rehearing is in all things overruled.

### On Appellee's Motion to Retax Costs.

[8] On appellee's motion to retax costs, a satisfactory showing has been made that no question and answer form of the testimony was filed in the trial court in this case, but only the narrative form, which we have in the record as the statement of facts, which cannot be taxed as an item of costs. Under the present law only a question and answer form can be taxed as costs. Schallert v. Boggs (Tex. Civ. App.) 210 S. W. 601. We would not be understood as holding that the parties may not substitute the narrative for the question and answer form, and by agreement have it taxed as costs, in lieu of the cost that would accrue for the preparation of the question and answer form; but no such showing is made in this case.

Therefore appellee's motion to retax the costs of this appeal is granted to the extent only of eliminating from the costs taxed against him the item of $46 for the narrative form of statement of facts.