## PITTMAN v. FORT WORTH WAREHOUSE & STORAGE CO. (No. 10447.)

(Court of Civil Appeals of Texas. Fort Worth. April 19, 1924. Rehearing of Motion Denied May 31, 1924.)

1. **Costs** &#9096;264—Motion to recall mandate and retax costs at same term at which case decided not made too late.

Appellant's motion to recall mandate and then retax costs, made at same term of court at which case was decided, *held* not made too late.

2. **Costs** &#9096;254(5)—Cost of transcript of evidence in narrative form held properly taxed.

Cost of transcript of evidence in narrative form *held* properly taxed in absence of request for transcript in question and answer form under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1924, 2070, and article 1925 as amended by Acts 36th Leg. 3d Called Sess. (1920) p. 88 (Vernon's Ann. Civ. St. Supp. 1922, art. 1925).

Appeal from District Court, Tarrant County; Bruce Young, Judge.

On motion to recall mandate and retax. Motion granted.

For former opinion, see 258 S. W. 1105.

Hunter, Hunter & Stewart, of Fort Worth, for appellant.

Wm. F. Young, of Fort Worth, for appellee.

BUCK, J. It is made to appear, by affidavits filed and former orders and actions of this court in this appeal, that appellant ordered a statement of facts from the official court stenographer, and that two copies were furnished, one of which came up to this court, but by oversight the appellant did not file the original in the district clerk's office among the papers of the cause. Whereupon appellee filed in this court a motion to diminish the record, alleging among other things, that the purported statement of facts should be stricken out, in that appellant had failed to comply with articles 1924 and 2070,

requiring the statement of facts to be made in duplicate and a copy thereof to be filed in the district clerk's office. Appellant thereupon filed her motion, setting up the fact that two copies of the narrative form of the statement of facts had been procured by her from the official court stenographer, and that by oversight she had failed to file the copy thereof in the clerk's office, but alleging that she had now done so, and she prayed to be permitted to file a corrected cost bill in this court, including the item of $108.80 for one copy of the statement of facts. This court granted this motion, but left for determination the question of whether the item for a statement of facts was properly chargeable as costs to the consideration of the cause on its merits. But in disposing of the case in our original opinion, and on motion for rehearing, we, through oversight, failed to determine the question of whether or not this item should be adjudged as costs.

[1] This cause having been decided at this term of court, we do not think, as claimed by appellee, that this motion comes too late. Two cases are relied upon by appellee in opposition to the motion, to wit, Schallert v. Boggs (Tex. Civ. App.) 210 S. W. 601, by the Austin Court of Civil Appeals, and Wagner & Chisholm v. Dunham (Tex. Civ. App.) 246 S. W 1044, by the Beaumont Court of Civil Appeals. The first cited case seems to hold, even where no "Q. and A." form of the testimony was filed in the office of the clerk of the trial court, that the statement of facts prepared by the court stenographer in narrative form is not properly chargeable as costs in the case. The second cited case follows the case of Schallert v. Boggs, supra, but adds:

"We would not be understood as holding that the parties may not substitute the narrative for the question and answer form, and by agreement have it taxed as costs, in lieu of the cost that would accrue for the preparation of the question and answer form; but no such showing is made in this case."

Article 1924, Vernon's Sayles' Ann. Civ. St. 1914, is as follows:

"In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of questions and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate; for which said transcript the official shorthand reporter shall be paid the sum of fifteen cents per folio of one hundred words for the original copy and no charge shall be made for the duplicate copy, said transcript to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs."

Article 2070 is as follows:

"Upon the filing in the office of the clerk of the court by the official shorthand reporter of his transcript as provided in section 5 of this act [article 1924] the party appealing shall prepare or cause to be prepared from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts, in duplicate, which shall consist of the evidence adduced upon the trial, both oral and by deposition, stated in succinct manner and without unnecessary repetition, together with copies of such documents, sketches, maps and other matters as were used in evidence. It shall not be necessary to copy said statement of facts in the transcript of the clerk, on appeal, but the same shall, when agreed to by the parties and approved by the judge, or in the event of a failure of the parties to agree and a statement of facts is prepared and certified by the judge trying the case be filed in duplicate with the clerk of the court, and the original thereof shall be sent up as a part of the record in the cause on appeal. Provided, however, that the official shorthand reporter shall, when requested by the party appealing, prepare from the transcript filed by the official shorthand reporter, as provided in section 5 of this act, a statement of facts in narrative form, in duplicate, and deliver the same to the party appealing, for which said statement of facts he shall be paid by the party appealing, the sum of fifteen cents per folio of 100 words for the original copy, and no charge should be made for the duplicate copy, and such amount shall not be taxed as costs in the case."

In the affidavit of the counsel for appellant, attached to this motion, is the following language:

"This application was made to the court reporter soon after the judgment was rendered in the district court against the appellant, Mrs. Pittman, and after her motion for rehearing had been overruled by the trial court; that some month or more after he made said request of the reporter the reporter delivered to him two copies of the evidence, both in narrative form, one a carbon copy of the other; he took them to his office and used one as his statement of facts in the case on this appeal without any change or alteration whatever, or probably some slight change made at the instance of Mr. Young, the attorney for the appellee, Fort Worth Warehouse & Storage Company, which was agreed to by both of us and signed up by each of us and approved by Judge Bruce Young."

From this it appears to us that the statement of facts sent up, a copy of which was later filed in the district clerk's office, was agreed to by counsel for appellee, though it is not expressly stated that said counsel agreed that such statement of facts should be charged for as an item of costs. But we think such agreement should be inferred.

But article 1925, as amended by the Acts 36th Leg. 3d Called Session (1920) p. 88, 1922 Supp., reads, in part, as follows:

"When any party to a civil suit reported by any such reporter shall desire a transcript of

the evidence in said suit, said party may apply for same and shall indicate whether he desires same in question and answer form or in narrative form. In the event said transcript should be ordered made in narrative form, then such reporter shall make the same up in duplicate narrative form and shall receive as compensation therefor the sum of twenty cents per hundred words; and no statement of facts shall be made up in question and answer form or charge made therefor, except when requested by the parties to the suit.'"

[2] From this amendment we believe that the requirement that the statement of facts be in "Q. and A." form, except when the parties agree that the narrative form be substituted therefor, is abolished, if the parties to the suit do not request the "Q. and A." form. If so, a charge for the narrative form is a proper item of costs. Schallert v. Boggs, supra, was decided prior to this amendment in the statute, and hence is not pertinent to the issue now before us.

For the reasons given, the motion to recall the mandate is granted, and the clerk is ordered to recall the same, and when so recalled to issue another cost bill, including the charge for $108.80, item for statement of facts, and when such item is paid then mandate shall issue.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes