182 So.2d 880

**Henry W. PARIS, Jr.**

**v.**

**BUCKNER FEED MILL, INC.**

**6 Div. 207.**

Supreme Court of Alabama.

Feb. 10, 1966.

Geo. E. Trawick, Birmingham, for appellant.

Nash, NeSmith & Walker, Oneonta, for appellee

SIMPSON, Justice.

Buckner Feed Mill, Inc. sued Paris to recover $11,102.84 allegedly due from him by open account. The defendant Paris filed a plea of not indebted and a plea of set-off and recoupment against the plaintiff in the amount of $12,500. In this plea the defendant claimed that on or before July 1, 1959, the plaintiff had contracted and agreed with the defendant to furnish defendant with eggs for resale at a price to defendant equal to that of the posted New York mixed market price during the period of time that the flock of hens then owned by the defendant would be profitable layers, which period of time would have been from ten to twelve months, if the defendant would convey and transfer title to the flock of layers to the plaintiff in exchange for credit on the indebtedness which the defendant owed the plaintiff. The defendant further claimed that the plaintiff breached its agreement and that the breach caused the defendant to expend $500 over and above the previous cost in an effort to secure eggs from several small producers and that the breach caused the defendant to pay out more than $2,000 over and above the market price to secure eggs from other sources. The defendant claimed that his inability to supply his customers with eggs depressed the value of his business in excess of $10,000, all caused by the failure of the plaintiff to live up to his agreement.

The cause proceeded to trial after which the jury returned a verdict in favor of plaintiff and assessed damages at $6,602.84. Judgment was entered on the verdict and defendant, being dissatisfied with the amount awarded him under his plea of set-off and recoupment, brought this appeal.

During the course of the trial the appellant, in spite of his pleadings, testified that he had incurred out of pocket expenses of $4,500 as a result of the appellee's breach of the agreement between them. Evidently the jury believed this since the verdict returned was $6,602.84 in favor of plaintiff, being exactly $4,500 less than the amount sued for.

As we understand appellant's argument, he believes the court erred in sustaining objections to the following:

Q: Mr. Paris, what was the reasonable market value of your business at the time you were cut off from eggs by Mr. Buckner?

Q: Now, tell us how much loss of business you suffered.

Q: You did lose business as well as losing customers, you lost the business from those customers?

We gather that appellant believes himself injured in that he was not allowed to put in evidence the matter of loss of anticipated profits.

The general rule is stated at 25 C.J.S. Damages § 43, as follows:

"Under most authorities, as a general rule a party not in default is, in case of a breach of contract due to the fault or omission of the other party, entitled to recover profits which would have resulted to him from performance. In order that it may be a recoverable element of damages, the loss of profits must be the natural and proximate, or direct, result of the breach complained

of and they must also be capable of ascertainment with reasonable, or sufficient, certainty, or there must be some basis on which a reasonable estimate of the amount of the profit can be made; absolute certainty is not called for or required.

"Lost profits are recoverable only when it reasonably or definitely appears that they would have been made if the contract had been performed, and where it reasonably and definitely appears that their loss necessarily followed the breach."

Professor Corbin in his treatise on contracts (Corbin on Contracts, § 1022) defines the problem in these cases very succinctly:

"It is often stated as a rule of law that speculative and uncertain profits are not recoverable as damages for breach of contract. Before determining the application and meaning of the rule itself, it will be well to consider briefly what is meant by the word 'profits'. A profit is the net pecuniary gain from a transaction. * * * If it is merely the exchange of a commodity having a definite and uniform market price for an agreed sum of money, the profit resulting from the exchange is comparatively easy to estimate. * * * The problem becomes more difficult in case there are no well-established market prices. * * * The difficulty rapidly increases when the hypothetical 'profits' for which the plaintiff asks damages are not merely the difference in the market values of two commodities but *are the profits that might have been made in subsequent transactions had the defendant performed his contract as agreed.*

"The amount of money that can be obtained in exchange for a commodity is frequently not the same in different market places at which it is bought and sold. It varies with the needs and desires of sellers and purchasers. The amount will be less in case the seller's need is great and the sale must be made quickly; it will be more if the purchaser's need is pressing and the commodity must be quickly obtained by him. * * * It is very clear that * * * in a determination of values and market prices, a great deal of pure guesswork is frequently indulged." (Emphasis added.)

In the instant case the appellant was allowed to prove and recovered the amount of expenses which he claimed he incurred as a result of the appellee's failure to furnish eggs to him for resale. He was permitted to show the additional cost of eggs to him and the resulting diminution of profit as a consequence of having to purchase eggs from producers other than appellee. He now wants to go farther and recover profits which he might have made in subsequent transactions with third persons had the appellee continued to furnish eggs to him. In this appellant would seem to be going too far and getting into the area of speculation and uncertainty recognized as such by most tribunals, including this court. We considered this problem in the early case of Brigham & Co. v. Carlisle, 78 Ala. 243, 56 Am.Rep. 28, and made the following observation:

"But there are damages, which are in the contemplation of the parties at the time of making the contract, and are the natural and proximate results of its breach, which are not recoverable. The parties must necessarily contemplate the loss of profits as the direct and necessary consequence of the breach of a contract, and yet all profits are not within the scope of recoverable damages. There are numerous cases, however, in which profits constitute, not only an element, but the measure of damage. While the line of demarcation is often dim and shadowy, the distinctive features consist in the nature and character of the profits. When they form an elemental constituent of the contract, their loss the natural result of its breach, and the

amount can be estimated with reasonable certainty, such certainty as satisfies the mind of a prudent and impartial person, they are allowed. The requisite to their allowance is some standard, as regular market values, or other established data, by reference to which the amount may be satisfactorily ascertained. Illustrations of profits recoverable are found in cases of sales of personal property at a fixed price, evictions of tenants by landlords, articles of partnership, and many commercial contracts.

"On the other hand, 'mere speculative profits, such as might be conjectured would be the probable result of an adventure, defeated by the breach of a contract, the gains from which are entirely conjectural, and with respect to which no means exist of ascertaining even approximately the probable results, can not, under any circumstances, be brought within the range of recoverable damages'.—1 Suth. on Dam. 141. Profits speculative, conjectural or remote, are not, generally, regarded as an element in estimating the damages. In Pollock v. Gantt, 69 Ala. 373, [44 Am.Rep. 519], it is said: 'What are termed speculative damages—that is possible, or even probable gains, that it is claimed would have been realized, but for the tortious act or breach of contract charged against a defendant —are too remote, and can not be recovered'. The same rule has been repeatedly asserted by this court.—Culver v. Hill, 68 Ala. 66, [44 Am.Rep. 134]; Higgins v. Mansfield, 62 Ala. 267; Burton v. Holley, 29 Ala. 318, [65 Am.Dec. 401]; White v. Miller, 71 N.Y. 118, [27 Am.Rep. 13]; * * *."

Although we can appreciate the position of the appellant we believe that this case falls within the area of uncertainty defined above and reiterated in Taylor v. Shoemaker, 34 Ala.App. 168, 172, 38 So.2d 895, 899, cert. denied 251 Ala. 601, 38 So.2d 900, which cited with approval the following statement found in 15 Am.Jur., Damages, § 157:

"'As a general rule, the expected profits of a mercantile business are too remote, speculative, and uncertain to sustain a judgment for their loss.'"

The judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.