E. C. ERNST, INC., Plaintiff-Appellant
Appellee,

v.

MANHATTAN CONSTRUCTION COMPANY OF TEXAS, Providence Hospital, Fairbanks-Morse, Inc., Charles H. McCauley Associates, Inc., Defendants-Appellees Appellants.

No. 75–1794.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1977.

Edward S. Sledge, III, Mobile, Ala., Glower W. Jones, Atlanta, Ga., Arthur Friedman, New York City, for plaintiff-appellant appellee.

Willis C. Darby, Jr., Mobile, Ala., for Providence Hospital.

Louis E. Braswell, Mobile, Ala., for Fairbanks-Morse, Inc.

Clarence L. McDorman, Jr., Birmingham, Ala., for C. McCauley.

David M. Thornton, Tulsa, Okl., for Manhattan Const. Co.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion May 9, 5 Cir., 1977, 551
F.2d 1026.)

Before GODBOLD, McCREE * and
TJOFLAT, Circuit Judges.

PER CURIAM:

Ernst, McCauley and Providence have petitioned for a rehearing of numerous aspects of our original opinion in this case, 551 F.2d 1026 (CA5, 1977). We modify that opinion in the following regards.

1. Ernst challenges our agreement with the district court's calculation of damages due from Fairbanks for fraud in connection with its generator contract, 551 F.2d at 1035, asserting that it was shortchanged by $5,541, the amount that it would have charged Manhattan for installation had Fairbanks actually supplied the generator.

■ By requiring Fairbanks to compensate Ernst only for the amount Ernst paid to Manhattan to make Manhattan whole, we essentially returned Ernst to its position prior to the contract (except for its alleged delay damages, to be determined on remand). This was wrong. Damages awarded for breach of contract should return the party to the position he would have occupied had the contract not been violated. *Jewell v. Jackson & Whitsitt Cotton Co.*, 331 So.2d 623, 625–26 (Ala.1976). Ernst should therefore be entitled to the profit that it would have earned for installing the generator, not the full $5,541 that it would have charged Manhattan but the profit on the installation job. Of course, this recovery will be predicated on ability to show the amount with reasonable certainty. *Paris v. Buckner Feed Mill, Inc.*, 279 Ala. 148, 182 So.2d 880 (1966).

2. For the first time in this court, McCauley raises the statute of limitations as a bar to possible recovery by Ernst and Manhattan for its negligence in failing to rule on the acceptability of the generator

and for its alleged negligence in drawing plans and in rejecting Palco bedlight fixtures. McCauley asserts that it pleaded this affirmative defense in the trial court. It cites no pleading to substantiate this assertion, and our search of the record reveals none. Rather than engage in any further search, we think it appropriate to include the entire statute of limitations question in the issues to be determined upon remand of Ernst's and Manhattan's negligence claims. Remand will also give these parties an opportunity to respond to the views first propounded here by McCauley concerning the dates of accrual and tolling of their various causes of action.

■ 3. Providence correctly points out that the April 7, 1970, telephone call by Providence's attorney, threatening to sue Manhattan if it attempted to arbitrate the generator matter, was made to Alabama state officials and not, as we said at 551 F.2d 1040, to Manhattan itself. However, this does not affect our holding that Providence's extensive postsuit actions in all phases of this complex litigation served as a waiver of its right to demand that Manhattan arbitrate its grievances concerning the sewage ejection and bedlight fixture matters. When one party reveals a disinclination to resort to arbitration on any phase of suit involving all parties, those parties are prejudiced by being forced to bear the expenses of a trial, which in this case was quite lengthy. Arbitration is designed to avoid this very expense. Substantially invoking the litigation machinery qualifies as the kind of prejudice to Manhattan that is the essence of waiver. *Burton-Dixie Corp. v. Timothy McCarthy Construction Co.*, 436 F.2d 405, 408–09 (CA5, 1971); *Cornell & Co. v. Barber & Ross Co.*, 123 U.S.App.D.C. 378, 360 F.2d 512 (1966). *See also Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329 (CA4, 1971); *Carcich v. Rederi A/B Nordie*, 389 F.2d 692 (CA2, 1968).

■ 4. Providence takes issue with our statement that it "has proven no damages

---

* Hon. Wade H. McCree, Jr., of the Sixth Circuit, now Solicitor General of the United States, participated in the oral argument of this case, but did not participate in this decision.

other than delay" for Fairbanks' fraud in connection with the generator matter, 551 F.2d at 1042. The district court dismissed Providence's fraud claim prior to trial, and Providence points out it had no opportunity to prove fraud damages. But Providence was given an opportunity to have its fraud claim reinstated and considered during trial but elected not to avail itself of the offer.

In all other respects, the petitions are to be denied.

The petitions for rehearing are GRANTED in part and DENIED in part. No member of this panel nor judge in regular active service on the court having requested that the court be polled on the petition for rehearing en banc of Providence Hospital, the petition for rehearing en banc is DENIED.