## CIRCUIT COURT OF FAIRFAX COUNTY

Edward Primoff et al.

v.

Slocum, Boddie & Murry et al.

June 14, 1993

Case No. (Law) 113798

By Judge Thomas S. Kenny

This case is before the Court on three motions brought by Stewart Title Guaranty Company: Motion to Stay Proceedings and Compel Arbitration, Motion to Stay Proceedings pending the Completion of Harrelson's Chapter 11 Bankruptcy, and Demurrer to the Amended Motion for Judgment. After hearing oral arguments on May 21, 1993, I took the matter under advisement. For the reasons set forth below, the Motion to Compel Arbitration is granted as to Plaintiff Edward Primoff *et al.* and Stewart Title. This case, Law No. 113798, including the claims against the other defendants, Mid-Atlantic Title, Inc., Michael A. Perry, and Vienna Title Company, Inc., is severed from the remaining cases and stayed pending the resolution of the arbitration. The Motion to Stay Proceedings pending the Completion of the Harrelson Bankruptcy is denied. The Demurrer will not be ruled on at this time since this case is stayed pending the arbitration. The other three related cases, Law Nos. 113785, 113796, and 113797, are not stayed by this ruling since these cases were consolidated only for trial purposes.

### Factual Background

The events giving rise to this litigation are given in plaintiff's Amended Motion for Judgment and the parties' pleadings and memoranda. Primoff made a loan to Ellen Parker Harrelson in March of 1989 secured by a deed of trust on property located in Fairfax County, (the "Property"). The law firm of Slocum, Boddie, & Murry ("SBM") was retained to provide legal service concerning the loan transaction, including an examination of the title of the Property. After the loan

transaction was completed, certain restrictive covenants and encumbrances were discovered by Primoff which had allegedly not been discovered in the title searches performed by SBM and the defendants in this case.

The borrower and maker of the note, Harrelson, ceased making repayment of the loan to Primoff, and Harrelson subsequently filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 3, 1991. Primoff is not able to foreclose on the Property at this time since Harrelson is protected by a Consent Order, denying relief to Primoff from the automatic stay imposed by Bankruptcy Code § 362, provided that Harrelson complies with certain conditions.

On March 20, 1992, Primoff and two other investors filed three separate lawsuits against SBM, and those three plaintiffs filed a separate suit against Stewart Title, Mid-Atlantic, Inc., Michael A. Perry, and Vienna Title, Inc. The Amended Motion for Judgment in the present case states that Stewart Title had been hired to issue a title insurance policy and perform tasks related to issuance of the policy. Primoff brought Vienna Title, Perry and Mid-Atlantic into the lawsuit as "agents acting within the scope of their agency for their principal, Stewart Title." (Amended Motion for Judgment, p. 3.) On December 16, 1992, Judge Brown entered an order consolidating all four of these lawsuits for trial on July 14, 1993.

*Stewart Title's Motion to Compel Arbitration and Stay Proceedings*

Stewart Title's Motion to Stay Proceedings and Compel Arbitration of Claims asserts that the arbitration clause in Paragraph 13 of the Title Insurance Policy between Primoff and Stewart Title ("Policy") should be enforced and this proceeding stayed pursuant to Va. Code. §§ 8.01–581.01, 8.01–581.02, and 8.01–577. Stewart Title argues that the terms of Paragraph 13 mandate that Primoff's entire case against Stewart Title be submitted to arbitration, not just the breach of contract claim. Stewart Title relies on the language of Paragraph 13 to support submitting all the claims against Stewart Title to arbitration: "[a]rbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation." (Paragraph 13, Stipulations and Conditions.)

Primoff opposes Stewart Title's Motion to Stay and Compel Arbitration based on two arguments. Primoff contends that Stewart Title waived its right to enforce the arbitration clause since this issue was not raised earlier in this suit. Secondly, Stewart Title argues that even if the Court chooses to enforce the arbitration clause in reference to the Breach of Contract claim, the remaining five counts in Primoff's Amended Motion for Judgment are not directly based on the title insurance contract and do not present issues which are subject to arbitration.

Primoff argues that by failing to raise the arbitration issue in its answer and subsequent pleadings, by conducting discovery, and finally, by asserting this issue after a status conference has been held and trial set for July 14, 1993, Stewart Title has waived its right to enforce the arbitration clause. Primoff does not provide any Virginia case law to support its argument, but does provide a few federal cases. A district court case, *Short v. Grange Mutual Cas. Co.*, 307 F. Supp. 768 (S.D. W. Va. 1969), is cited by Primoff for the proposition that "a party seeking to enforce arbitration can do so only when not guilty of dilatoriousness or delay." (Primoff's response at 3.)

Although § 8.01–581.01 provides that arbitration clauses are enforceable and irrevocable, except upon such grounds that exist at law or equity for the revocation of any contract, this Section is silent regarding waiver as a bar to enforcement of an arbitration clause. In addition, Stewart Title does not appear to be guilty of "dilatoriousness or delay" by filing this motion in light of the fact that Stewart Title asserts that they were not aware of this suit until they were served at the end of 1992, and the Amended Motion for Judgment was not served until March 15, 1993. Accordingly, I rule that Stewart Title has not waived its right to enforce the arbitration clause in the Policy.

The next issue to be resolved regarding the Motion to Compel Arbitration and Stay Proceedings concerns which claims should be submitted to arbitration. The five counts, in addition to the count alleging Breach of the Title Insurance Policy Contract, as set out in the Amended Motion for Judgment against Stewart Title and the other defendants, are as follows: Breach of Contract, Expressed or Implied; Third Party Beneficiary; Abstractor Malpractice; Negligent Misrepresentation; and Breach of Fiduciary Duty/Failure to Disclose. Although these five counts are not directly based on the title insurance contract, they do arise out of the services that Stewart Title was to perform for

Primoff. I agree with Stewart Title that the language of Paragraph 13 provides that all claims relating to the services Stewart Title performed pursuant to the contract, not just breach of title insurance contract claims, should be submitted to arbitration. Accordingly, pursuant to § 8.01–581.01 and Paragraph 13 of the Policy, the Motion to Compel Arbitration is granted as to all of Primoff's claims against Stewart Title.

Furthermore, the entire case (Law No. 113798) is stayed until arbitration is completed. The other three defendants cannot be severed from the claims against Stewart Title since they were sued only in their capacity as agents for Stewart Title.

SBM responded to this motion, but does not state any grounds for opposition to Stewart Title's Motion to Stay and Compel Arbitration. SBM does contend, however, that if the Court stays this action, SBM would not be subject to this arbitration since SBM was not a party to the contract which contains the arbitration clause. SBM was not a party to the contract *and is not a party in this case*; therefore, the three Primoff cases in which SBM is a defendant are not directly affected by this ruling and will be proceeding to trial on July 14, 1993, as scheduled.

### Motion to Stay until Completion
### of the Harrelson Bankruptcy and Demurrer

Stewart Title argues in its Motion to Stay the Proceedings pending the Harrelson Bankruptcy that the adjudication of the present case is premature since the Chapter 11 plan could result in Primoff's mortgage being paid in full. Stewart Title, however, does not provide any case law or code section which would authorize such a stay and only relies on equitable arguments in reference to the present case which was brought in law. Accordingly, this motion is denied. Furthermore, since this case is stayed pending the resolution of the arbitration, the demurrer will not be ruled on at this time.