On Application for Rehearing

COOK, Justice.
The order of affirmance without opinion, issued February 2, 1994, is withdrawn, and the following opinion is substituted therefor.
The defendant, Montgomery Airport Authority, appeals from a judgment entered in favor of Epps Aircraft, Inc., in Epps’s action seeking damages for breach of contract. This ease was tried before a jury. We affirm.
A judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong. Osborne v. Cobb, 410 So.2d 396 (Ala.1982). We must consider those tendencies of the evidence most favorable to the prevailing party and must indulge such inferences as the jury was free to draw. Cooper v. Peturis, 384 So.2d 1087 (Ala.1980).
In 1987 Epps became the sublessee of a lease between Montgomery Airport Authority and Exxon Corporation, entered into in 1968, which provided for a fixed base operation (FBO) with a set rent through 1999. Epps operated a Thrifty car rental franchise from its FBO. On February 2, 1988 the Airport Authority passed a resolution requiring all nonterminal rental car companies to pay to the Authority 10% of their gross rental revenues derived from the rental of vehicles to passengers from the airport. The apparent theory behind this was to force car rental companies profiting from the use of the airport to help with the costs of maintaining the roads, grounds, and facilities of the airport. Because the Thrifty operation was located at the airport, all of its customers were considered to be to “passengers from *356 the airport,” and Epps, therefore, was being charged 10% of the gross revenues from each car it rented out, in addition to the amount it was already paying under the lease. Epps challenged this resolution, as it was applied to Epps, and this court held in Epps Aircraft, Inc. v. Montgomery Airport Authority, 570 So.2d 625 (Ala.1990) (Epps I), that the additional “rent” required by the resolution was contrary to the sublease and, therefore, that Epps did not have to pay it. Epps then brought this present action claiming damages for breach of contract because of losses it said it incurred when it moved its car rental operation from the airport property to an off-site location. The move occurred while Epps I was pending, and Epps claims that it was forced to make the move in an attempt to mitigate the damages caused by the threatened rent increase. The Airport Authority raises five issues on appeal.
I.
The Airport Authority claims that the trial court erred in denying its motion for summary judgment. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. To enter a summary judgment the trial court must determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. Initially, Epps sued under a third-party beneficiary theory, but several days before trial Epps amended its complaint to state a direct breach of contract claim. The Airport Authority asserts that the amendment should have been disallowed and that without the amendment, Epps’s pleadings did not allege a breach of contract. Rule 15(a), A.R.Civ.P., as it read at the time applicable to this action, provided that “a party may amend his pleading without leave of court but subject to disallowance on the court’s own motion or motion to strike of an adverse party; but such amendments shall be freely allowed when justice so requires.” Because the amended complaint was based on the same set of facts as the original complaint, and because the defendant had already litigated the factual issues in Epps I, there was no prejudice to the Airport Authority in allowing the amendment. Both the original complaint and the amended complaint sought damages under the theory that Epps had acquired rights under the Airport Authority-Exxon contract by virtue of the Exxon-Epps transaction.
The Airport Authority maintains that even if the amendment was properly allowed, its motion for summary judgment should have been granted, on the theory that Epps has no enforceable contract rights because, the Airport Authority says, Epps is not a party to the contract under which it is claiming. The Airport Authority’s position ignores the holding of this Court in Epps I, that Epps was a sublessee of the Montgomery Airport Authority-Exxon Corporation lease. Further, Epps I held the action of the Airport Authority, in its attempt to require Epps to pay 10% of the gross revenues from its rental car business, was not authorized under the lease, and that Epps had the right under the lease to operate the car rental business as part of its fixed base operation. The contract alleged in Epps I to have been breached is, in fact, the same lease under which Epps asserts claims in this action. The trial court did not err in denying the Airport Authority’s summary judgment motion.
II.
The Airport Authority also claims the court erred in denying its motion for a directed verdict. “A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to her claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ.” Teague v. Adams, 638 So.2d 836, 837 (Ala.1994), citing Rule 50(a), Ala.R.Civ.P.; John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375, 376 (Ala.1990); Koch v. State Farm Fire & Cas. Co., 565 So.2d 226, 228 (Ala.1990); and Dobbs v. Alabama Power Co., 549 So.2d 35, 36 (Ala.1989). “In reviewing a ruling on a motion for a directed verdict, this Court views all the evidence in a light most favorable to the nonmovant and entertains such reasonable evidentiary inferences as the jury would be free to draw.” Cato v. Lowder Realty Co., 630 So.2d 378, at 381 (Ala.1993). The court considering a defendant’s directed verdict motion must determine whether the *357 plaintiff presented substantial evidence supporting each element of the cause of action. § 12-21-12(a), Ala.Code 1975; Koch v. State Farm Fire & Cas. Co., 565 So.2d 226 (Ala. 1990). “ ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Epps clearly presented substantial evidence of each element of its cause of action: (1) that there was in fact a contract; (2) that the Airport Authority’s attempt to collect additional rent was a breach of that contract; and (3) that damage resulted from the breach. The Airport Authority’s motion for a directed verdict was properly denied.
III.
The Airport Authority next contends that even if Epps did have contractual rights, the Airport Authority did not breach the contract because, it says, the mere passage of a resolution does not constitute a breach of the contract. It maintains that there must be an attempt to enforce the resolution against Epps in order for there to be a breach. The Airport Authority is correct that the resolution itself does not constitute a breach; however, there was evidence that the Airport Authority did attempt to collect the additional rent from Epps, and Epps sued as a result of that attempt (see Epps I). Thus, there was evidence from which the jury could conclude that the Airport Authority breached the contract. The Airport Authority argues next that even if it breached the contract, the award still should not stand because the damages awarded were speculative, imaginary, and excessive, and were not supported by the evidence. Epps contends that it moved the Thrifty operation off the FBO in an effort to mitigate its damages and that the damages it is claiming are based on loss resulting from that move. “It is the duty of one injured [or] damaged to exercise ordinary care to reduce his damages.... He can recover only such damages as would have been sustained had such care been exercised.” Alabama Pattern Jury Instructions: Civil 11.29 (2d ed. 1993). Epps presented evidence that its rent was almost quintupled by the Airport Authority’s resolution, because, unlike other nonterminal companies, which paid 10% of the gross revenues derived only from rentals to people flying into the airport, Epps was paying 10% of the gross revenues on every rental it made, since it was located on the premises of the Airport Authority. Epps, therefore, moved its Thrifty operation off the premises in order to incur the additional charge only on rentals made to airport passengers and, thus, cut its losses.
“When a jury is the trier of fact, it is not for the trial judge, nor an appellate court, to attempt to determine with mathematical certainty that all of the various elements of evidence offered by the parties regarding specific costs and credits precisely equal the amount of the jury’s verdict. We do not have trial by computer, nor do we have post-trial, or appellate, review by the computer. The reviewing court does not substitute its own judgment as to the amount of damages for that of the trier of fact.”
G.M. Mosley Contractors, Inc. v. Phillips, 487 So.2d 876, at 879 (Ala.1986) (quoted in BMW of North America, Inc. v. Gore, 646 So.2d 619 (Ala.1994)). The amount of damages was in dispute, but Epps claimed damages, and had evidence to support the claim, in an amount not $1000 more than the award given by the jury. The rule for determining lost profits was set forth by this court in Paris v. Buckner Feed Mill, Inc., 279 Ala. 148, 149, 182 So.2d 880 (1966):
“‘In order that it may be a recoverable element of damages, the loss of profits must be the natural and proximate, or direct, result of the breach complained of and they must also be capable of ascertainment with reasonable, or sufficient, certainty, or there must be some basis on which a reasonable estimate of the amount of the profit can be made; absolute certainty is not called for or required.’”
279 Ala. at 149-50, 182 So.2d at 881 (quoting 25 C.J.S. Damages § 43). This Court has held that this rule “dictates that recovery will ensue despite the fact damages cannot be calculated with mathematical certainty,” and that “[t]o disallow damages unless absolutely *358 certain would encourage breach of contract with new businesses and with those whose profits fluctuate.” Morgan v. South Central Bell Telephone Co., 466 So.2d 107, 116 (Ala. 1985) (emphasis original). Epps’s claim was based on losses incurred in the move, as well as on lost profits. The lost profits were estimated by examining the Thrifty financial records from 1987, when Epps opened the franchise, to March 1990, when Epps moved the operation off the airport property. These figures were then compared to the records for Thrifty after the move. Epps provided a reasonable basis on which the jury could determine the loss sustained as a result of the Airport Authority’s breach.
IV.
Rule 17(a), A.R.Civ.P., provides that “[ejvery action shall be prosecuted in the name of the real party in interest.” The Airport Authority contends that Exxon, not Epps, was the real party in interest, and, therefore, that Epps was not a proper party to bring this action. This Court, in Ex parte Howell, 447 So.2d 661, 665 (Ala.1984), relied in part on Professor Moore’s explanation of Rule 17(a), Fed.P.Civ.P.:
“The meaning and object of the real party in interest provision [of Rule 17] would be more accurately expressed if it read:
‘“An action shall be prosecuted in the name of the party who, by substantive law, has the right sought to be enforced.’ ”
J. Moore, Moore’s Federal Practice, ¶ 17.02 at 53 (2d ed. 1953) (emphasis omitted). It was determined in Epps I that Epps had contractual rights under the Airport Authority-Exxon lease because of the Exxon-Epps assignment. Because Epps contractually had the right to enforce the terms of the contract, it is the proper party to sue.
V.
Last, the Airport Authority argues that in charging the jury the trial judge stated as a fact a material matter proof of which is essential to the verdict. The trial judge informed the jury that this Court had held in Epps I, that a contract existed between Exxon and the Airport Authority and this contract was later assigned to Epps. There was no error, because there had been a previous judicial determination that Epps had a contractual relationship with the Airport Authority. Thus, the questions for the jury were whether the Airport Authority breached the contract and whether Epps was damaged by the Airport Authority’s breach, if the jury found a breach.
ORIGINAL ORDER WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.