In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-348 CV


NO. 09-06-398 CV


____________________



LJA ENGINEERING AND SURVEYING, INC., Appellant



V.



RICHFIELD INVESTMENT CORPORATION, Appellee



and



IN RE LJA ENGINEERING AND SURVEYING, INC.





On Appeal from the 9th District Court


Montgomery County, Texas


Cause No. 06-01-00864-CV


and


Original Proceeding





OPINION


 LJA Engineering and Surveying, Inc. ("LJA") seeks relief from the denial of its
motion to compel arbitration and stay of litigation in this original proceeding. Real Party In
Interest, Richfield Investment Corporation ("Richfield"), filed suit on January 30, 2006, 
against LJA for breach of contract, professional negligence, and negligent misrepresentation. (1) 
LJA's original answer contained a general denial and asserted affirmative defenses, one of
which indicated that all of Richfield's claims were subject to binding arbitration under both
the Federal Arbitration Act ("FAA") and the Texas Arbitration Act as the contracts upon
which Richfield relies for relief contain enforceable arbitration clauses. See 9 U.S.C.A. §§
1-16 (West 1999 & Supp. 2006); Tex. Civ. Prac. & Rem. Code Ann. §§171.001-.098
(Vernon 2005). Subsequently, LJA filed a formal motion to compel arbitration with
Richfield and a request for a stay of the litigation. Richfield filed a written response. 
Respondent denied LJA's motion to compel. LJA's two issues ask: "Is LJA Engineering
and Surveying, Inc. without an adequate remedy at law?" and "Did Respondent abuse his
discretion in denying LJA Engineering and Surveying, Inc.'s Motion to Compel
Arbitration?" Answering both questions in the affirmative, we conditionally grant the
petition for writ of mandamus. As we find the Federal Arbitration Act applicable to the
arbitration agreements between LJA and Richfield, we dismiss the accompanying
interlocutory appeal for lack of jurisdiction. 

 Richfield does not contest the fact that its claims against LJA are indeed subject to the
arbitration clauses included within the contracts between the two when Richfield hired LJA
to do some engineering work related to Richfield's ownership of certain real property for
residential development. Richfield's only response to LJA's motion to compel is that LJA
has waived its right to arbitrate by substantially invoking the judicial process, to Richfield's
detriment, prior to pursuing its arbitration claim. Richfield argues that waiver occurred when
LJA "asserted affirmative claims, conducted extensive discovery, asked for a trial setting,
and filed a case-ending motion to dismiss with prejudice." With regard to waiver, however,
Richfield fails to place the circumstances in their proper factual and legal contexts.

 "There is a strong presumption against waiver under the FAA." In re D. Wilson
Const. Co., 196 S.W.3d 774, 783 (Tex. 2006)(citing In re Vesta Ins. Group, Inc., 192 S.W.3d
759, 763 (Tex. 2006)(per curiam)); In re Serv. Corp. Int'l, 85 S.W.3d 171, 174 (Tex. 2002);
In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 574 (Tex. 1999); Prudential Sec. Inc.
v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995). Whether a party's conduct waives its
contractual right to arbitrate is a question of law. In re Oakwood, 987 S.W.2d at 574; In re
Nasr, 50 S.W.3d 23, 27 (Tex. App.--Beaumont 2001, no pet.). "We should resolve any
doubts about waiver in favor of arbitration." In re Oakwood, 987 S.W.2d at 574; In re Nasr,
50 S.W.3d at 27. Furthermore, a party's right to arbitration is not waived by invoking the
judicial process in the absence of a showing of prejudice by the opposing party. See In re
Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998); Prudential Sec., 909 S.W.2d at 899. 


 Richfield strongly points to the fact that LJA filed a motion to dismiss Richfield's
claims with prejudice because of an insufficient expert affidavit provided by Richfield. See
Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (Vernon Supp. 2006). Specifically, Richfield
argues: "This was a case-dispositive motion: if the trial court had granted it, Richfield's
claims against LJA would have been dismissed forever. There would have been no
arbitration if LJA had been successful. In filing this motion, LJA substantially invoked the
judicial process." It should be noted that section 150.002 provides a trial court with
discretion as to whether a dismissal will be with or without prejudice. See id. § 150.002(d). 
More importantly, however, is the fact that in In re Service Corporation International, the
Texas Supreme Court found no waiver by defendants seeking arbitration who moved to
dismiss claims of certain class-action plaintiffs, reasoning "[r]elators' efforts in moving to
dismiss and staying discovery were to avoid litigation, not participate in it." In re Serv. Corp.
Int'l, 85 S.W.3d at 175. We find this rationale applicable here.

 The record indicates that LJA's motion to dismiss was filed May 9, 2006, less than
four months after Richfield filed suit. Respondent denied this motion on June 30, 2006. 
Richfield contends that it was prejudiced by having to prepare and file a response to the
motion to dismiss, asserting "[t]his work will not benefit Richfield to any extent in any
arbitration proceeding." Yet, later in its brief, Richfield points to the fact, if permitted to
arbitrate, LJA stated that it would file an identical motion to dismiss with the arbitrator
pursuant to the provisions contained in section 150.002, which permit such a motion in an
arbitration proceeding. See id. § 150.002(a). 

 As we noted in Nasr:

 The type of "prejudice" the courts seem to focus on is when a party uses the
judicial process to gain access to information that would not have been
discoverable in arbitration. The rule here is that "when only a minimal amount
of discovery has been conducted, which may also be useful for the purpose of
arbitration, the court should not ordinarily infer waiver based upon prejudice." 


In re Nasr, 50 S.W.3d at 27 (quoting In re Bruce Terminix, 988 S.W.2d at 704) (other
citations omitted). Richfield has not indicated how it's response to LJA's motion to dismiss
would be of no use to it if a similar motion to dismiss was filed during arbitration. Thus,
prejudice is not shown. 

 Richfield further attempts to raise prejudice here by arguing "[i]f LJA had timely
pursued its arbitration demand without first attempting to obtain a ruling on the merits . . ., 
Richfield would not have incurred this expense and delay." Richfield fails to appreciate the
fact that as the party to the arbitration agreements who is making the claim, it was Richfield's
burden to initiate the arbitration process, not LJA's. See In re Nasr, 50 S.W.3d at 27; In re
Oakwood, 987 S.W.2d at 574 (Absent an agreement to the contrary, by agreeing to arbitrate
and abide by American Arbitration Association rules, the parties place the burden of
initiating arbitration on the claimant). Therefore, as to LJA's motion to dismiss under section
150.002, we find no prejudice to Richfield has been established. 

 With regard to its "extensive discovery" contention, Richfield points to "88 requests
for production, set of interrogatories, request for disclosure, and depositions by written
questions of two potential witnesses." The record indicates that Richfield provided no
substantive answers to any of the eighty-eight requests for production. Richfield did provide
responses of substance to the interrogatories and request for disclosure. However, these
responses contain general information that would appear to be discoverable in an arbitration
proceeding. See 9 U.S.C.A. § 7; In re Bruce Terminix, 988 S.W.2d at 704-05. Lastly, the
"depositions by written questions" appear in the record merely as notices with the
unanswered questions attached. This is not a substantial invocation of the judicial process. 
In re Serv. Corp., 85 S.W.3d at 174. There is no showing of prejudice to Richfield with
regard to the limited discovery that was conducted. See In re Vesta, 192 S.W.3d at 763 (no
substantial invocation of judicial process by two-year litigation which included "standard
requests for disclosure," "noticed a total of four depositions," and two sets of "request for
production" by parties requesting arbitration).

 Finally, Richfield urges that LJA substantially invoked the judicial process by "jointly
mov[ing] to continue the September 2006 trial setting and request[ing] that the trial court set
the case for trial three months later in December." The record indicates the agreed motion
for continuance was filed on April 19, 2006, with Richfield, LJA, and Turner, Collie &
Braden, Inc. joining in the motion. The motion stated that it was the first request for
continuance in the case; that "[c]ounsel for one of the Parties has a prepaid and planned out-of-country trip" that coincided with the previously set trial date of September 25, 2006; and
that "counsel for all Parties have conferred and agree that in light of each counsel's trial
schedules and the discovery required, a trial continuance to the first two weeks of December,
2006 is desirable and in the interests of justice." We fail to see how joining with Richfield
in a request for a substantially later trial date, standing alone, has resulted in prejudice to
Richfield. As noted above, Richfield commenced this lawsuit on January 30, 2006. 
Respondent's order denying LJA's motion to compel arbitration was signed on August 7,
2006. It would seem incredible that any party could "substantially invoke the judicial
process to its opponent's detriment" during a little over six months into litigation described
as involving the "magnitude and complexity of the claims [that] will require very significant
discovery comprising voluminous project files, retention of engineering experts and
depositions including of non-parties." We again see Richfield here as showing that LJA has
merely taken part in litigation without concomitantly providing proof of harm. Therefore,
on the record presented, we find Richfield has failed to demonstrate sufficient prejudice to
overcome the strong presumption against waiver. See In re D. Wilson, 196 S.W.3d at 783;
In re Vesta, 192 S.W.3d at 763. We sustain LJA's two issues for mandamus review. 

 Appeal No. 09-06-348 CV is dismissed for lack of jurisdiction. LJA's petition for
writ of mandamus filed in No. 09-06-398 CV is conditionally granted. We order respondent
to vacate his order denying arbitration between Richfield and LJA in the cause below, and
enter an appropriate order compelling arbitration. The writ of mandamus will only issue in
the event respondent fails to act in accordance with this opinion. 

 APPEAL DISMISSED; WRIT CONDITIONALLY GRANTED.



 ______________________________

 CHARLES KREGER

 Justice 
 

Submitted on November 21, 2006

Opinion Delivered December 14, 2006


Before Gaultney, Kreger and Horton, JJ.


DISSENTING OPINION


 I respectfully dissent. I believe waiver of arbitration may occur when a party loses a
motion to dismiss on the merits; in my view, that party may not then attempt to relitigate the
issue by invoking arbitration. See Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991);
see also In re Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998) ("Thus, this is not a
case in which a party who has tried and failed to obtain a satisfactory result in court then
turns to arbitration."); Southwind Group, Inc. v. Landwehr, 188 S.W.3d 730, 735-36 (Tex.
App.--Eastland 2006, no pet.); Williams Indus. v. Earth Dev. Sys. Corp., 110 S.W.3d 131,
135 (Tex. App.--Houston [1st Dist.] 2003, no pet.) ("Substantially invoking the judicial
process can occur when the proponent of arbitration actively tried, but failed, to achieve a
satisfactory result in litigation before turning to arbitration."). A section 150.002 dismissal
"may be with prejudice." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d) (Vernon Supp.
2006). Richfield obviously incurred fees and costs to defeat the motion to dismiss. See
generally E. C. Ernst, Inc. v. Manhattan Const. Co., 559 F.2d 268 (5th Cir. 1977). A party
should not be able to litigate an issue in the trial court, lose, and then seek a better outcome
in arbitration. 

 I do not read In re Service Corporation International, 85 S.W.3d 171 (Tex. 2002), as
opposite. The Supreme Court stated in that case, "The filing of a motion to dismiss the
claims of class members, almost all of whom are not subject to arbitration, did not waive
arbitration." Id. at 175. The Court later cited Subway Equipment Leasing Corporation. v.
Forte, 169 F.3d 324, 328 (5th Cir. 1999), as holding that a party only invokes the judicial
process by attempting to litigate a specific claim that it subsequently moves to arbitrate. See
In re Serv. Corp., 85 S.W.3d at 176 & n15. That is what relator has done here. I would deny
the petition. 

 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

December 14, 2006
1. In the same action, Richfield also sued another engineering firm, Turner, Collie &
Braden, Inc. However, Turner, Collie & Braden, Inc. are not a party to the instant
mandamus proceeding and, therefore, are not before us for any purpose.