IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-20235

JOSEPH CHRIS PERSONNEL SERVICES INC d/b/a Joseph Chris Partners

Plaintiff-Counter Defendant-Appellant

v.

DONNA ROSSI; ALBERT MARCO

Defendants-Counter Claimants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03 - CV - 2554

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Joseph Chris Partners sued Donna Rossi and Albert Marco, two of its former employees, for breach of a non-compete agreement and breach of fiduciary duties. Rossi and Marco counterclaimed for unpaid wages. After the district court held that Joseph Chris had waived its right to arbitrate the case, Rossi and Marco successfully moved for summary judgment on their wages claim and were granted summary judgment on all of Joseph Chris's claims. Joseph Chris appeals, contending that the district court improperly granted summary

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment and erroneously concluded that it had waived its right to arbitrate. Because Joseph Chris did not waive its right to arbitrate, we reverse and remand.

## I.    Background

Joseph Chris is a personnel recruitment firm that helps clients find employment in the national real estate market.  In 1998, Marco signed an employment contract with Joseph Chris to work as a recruiter; in 2001, Rossi did the same.  Both contracts contained a provision that granted the right to arbitration to all parties in disputes regarding the contract.  The contracts also contained a safe-harbor provision that allowed a party the right to sue in court "for the purpose of obtaining injunctive relief without waiver of the right to arbitrate."  A similar provision is found in the Texas Arbitration Act, which "allow[s] trial court[s] to grant injunctions before arbitration proceedings begin." See Menna v. Romero.[1]

In early 2003, Rossi and Marco left their jobs at Joseph Chris and started their own recruiting firm.  In response, on June 4, 2003, Joseph Chris filed suit in Texas state court.  The complaint alleged, among other things, that Rossi and Marco were violating a non-compete provision in their employment contracts and were breaching their fiduciary duties by using and/or disclosing Joseph Chris's confidential and proprietary information.  Joseph Chris requested a temporary injunction prohibiting Rossi and Marco from taking advantage of that information and also requested damages.  The complaint also requested an ex parte order requiring Rossi and Marco to each show up for a two-hour deposition "[t]o facilitate the hearing on the temporary injunction."  The court promptly granted Joseph Chris's ex parte request and set July 15 for both depositions.

---

[1] 48 S.W.3d 247, 251 (Tex. App.–San Antonio 2001, pet. dism'd w.o.j.) (citing Tex. Civ. Prac. & Rem. Code § 171.086).

On July 3, Rossi and Marco answered and four days later removed the case to federal court. Once in federal court, Rossi and Marco filed a motion for a protective order, asking the district court to quash their depositions. Shortly thereafter at a pre-trial conference, the district court wiped the discovery slate clean, quashing all formal discovery, and ordered the parties to exchange some pertinent information. Rossi, for example, was required to give Joseph Chris her customer lists.

On July 17—only ten days after the case had been removed to federal court—Joseph Chris's attorney sent a letter to Rossi and Marco's attorney first raising the issue of arbitration: "The contract between our clients provides for arbitration using JAMS. Since it was drafted I have come to prefer AAA, [sic] what is your thought about making that change?" No response was given. A day later, the litigation continued to plod along and another pre-trial conference was held.

On July 21, Joseph Chris's counsel again raised the issue of arbitration in an e-mail: "Turning next to failures to respond to prior correspondence, I asked you if you would like to use AAA rather than JAMS for the arbitration. If I do not get a decision from you by this afternoon I will start the procedure with JAMS." On the same day, Rossi and Marco's counsel responded that they "object[ed]" to moving the case to arbitration.

On August 19, the district court held another pre-trial conference, where, like during the previous two conferences, Joseph Chris did not bring up the subject of arbitration. Later that day, Joseph Chris's counsel sent the following e-mail to opposing counsel: "You may receive a copy of an arbitration demand in the mail. Although we still intend to file an arbitration demand, we have not filed the arbitration demand with JAMS as reflected in the package you received. I prepared the arbitration demand to be filed today, as necessary, but we have not filed it." Joseph Chris explains to this court that the "as necessary"

language referenced its attempts to obtain a preliminary injunction hearing—if it believed it could not quickly obtain such a hearing, it would forgo the attempt at a preliminary injunction and move right to arbitration.

On August 29, Joseph Chris went ahead and filed its arbitration request with JAMS (the Judicial Arbitration and Mediation Services). That same day, Rossi and Marco filed an emergency motion in district court asking that Joseph Chris be enjoined from pursuing the arbitration. The district court eventually granted the motion, concluding that Joseph Chris had waived its right to arbitrate given its participation in the litigation.

Rossi and Marco subsequently filed a counterclaim, alleging that Joseph Chris owed them unpaid commissions. They eventually filed motions for summary judgment on all of Joseph Chris's causes of action and on their back wages claims. The district court granted each motion and entered judgment against Joseph Chris. This appeal ensued.

## II.    Discussion

Joseph Chris contends that Rossi and Marco never should have had the opportunity to file for summary judgment because the case should have been submitted to arbitration. Joseph Chris contends that it did not waive its right to arbitrate and that the district court erred when it concluded to the contrary. Since the district court made no factual findings regarding whether Joseph Chris waived its right to arbitrate, we review its determination of waiver de novo. See Price v. Drexel Burnham Lambert, Inc.[2]

Congress has decreed a strong federal policy in favor of arbitrating disputes. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.[3] As a result, the

---

[2] 791 F.2d 1156, 1159 (5th Cir. 1986) (concluding that waiver of the right to arbitrate is reviewed de novo, but any factual findings underpinning that determination are reviewed for clear error).

[3] 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983) (citing 9 U.S.C. § 2).

U.S. Supreme Court has warned that when determining whether a party has waived its right to arbitrate, "any doubts . . . should be resolved in favor of arbitration."[4] Thus, this circuit employs a strong presumption against a finding of waiver, and a party alleging waiver must carry a heavy burden. Subway Equipment Leasing Corp. v. Forte.[5]

Nonetheless, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."[6] Once a party "[s]ubstantially invok[es] the litigation machinery," that "qualifies as the kind of prejudice . . . that is the essence of waiver." Miller Brewing Co. v. Fort Worth Distrib. Co.[7] Prejudice, in this context, "refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue."[8]

At the outset, to clear away some of the brush, we first address Rossi and Marco's argument that Joseph Chris's request for a jury trial, initiated once the case was removed to federal court to avoid waiving the right to a jury, resulted in the waiver of arbitration. Rossi and Marco argue that when Joseph Chris made the request, it automatically conferred on them a right to a jury trial and had they been forced to go to arbitration, they would been prejudiced by losing that right. Rossi and Marco's argument misconstrues the type of prejudice

---

[4] Id. at 24–25.

[5] 169 F.3d 324, 326 (5th Cir. 1999).

[6] Id. (quoting Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 497 (5th Cir. 1986).

[7] 781 F.2d at 497 (quoting E.C. Ernst, Inc. v. Manhattan Const. Co., 559 F.2d 268, 269 (5th Cir. 1977)).

[8] Subway, 169 F.3d at 327 (quoting Doctor's Assocs. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997)).

relevant to the waiver determination. The question is what prejudice the party opposing arbitration has suffered because of the unnecessary litigation—not what prejudice the party would suffer by going to arbitration.[9] To hold to the contrary would mean that anytime a plaintiff filed suit and asked for a jury trial, the defendant would be precluded from requesting arbitration because allowing arbitration would "prejudice" the plaintiff by waiving its right to a jury. That is clearly not the law.

With that out of the way, the central issue becomes whether Joseph Chris's decision to file suit, and the related fees and delay caused by that decision, resulted in a waiver of its right to arbitrate.

Under the facts presented here, we hold that Joseph Chris did not waive its right to arbitrate. While typically the decision to file suit will indicate a "disinclination" to arbitrate,[10] Texas state law expressly permitted Joseph Chris to file suit to, among other things, obtain an injunction.[11] More importantly, that protection was extended to this proceeding as these parties contracted for the right to be able to file suit to preserve the status quo with an injunction without waiving the right to arbitrate. Joseph Chris did just that. Indeed, in the complaint filed in state court, Joseph Chris explained that it was seeking to depose both Rossi and Marco for the purpose of facilitating a request for a preliminary injunction. Later, when the case was removed to federal court and the district court quashed those depositions, Joseph Chris promptly notified

---

[9] See Subway, 169 F.3d at 327 (describing the relevant prejudice as the prejudice incurred by the party opposing arbitration when it is forced "to litigate an issue and later seeks to arbitrate the same issue" (quoting Doctor's Assocs., 107 F.3d at 134)).

[10] See Miller, 781 F.2d at 497 (determining that a party had revealed a "disinclination to resort to arbitration" by, among other things, filing suit in state court without mentioning its desire to arbitrate).

[11] See Menna v. Romero, 48 S.W.3d 247, 251 (Tex. App.–San Antonio 2001, pet. dism'd w.o.j.) (citing Tex. Civ. Prac. & Rem. Code § 171.086).

Marco and Rossi of its desire to arbitrate. Any prejudice Rossi and Marco suffered having to deal with Joseph Chris's attempt to obtain a preliminary injunction was prejudice they had contracted to assume. And while Joseph Chris included a paragraph for legal damages in its complaint and it later asked for a jury trial—actions that seem to exceed the scope of their contractual right to pursue a preliminary injunction—Rossi and Marco have made no showing that those requests required them to spend additional time or money or that they were otherwise prejudiced by those requests.

Moreover, the fees and delay associated with Joseph Chris's decision to file suit were insignificant. Joseph Chris formally requested arbitration only three months after filing suit. The discovery that had been conducted up until that point was fairly insubstantial and there was no showing that similar discovery could not have been had in arbitration. The other litigation activities that Rossi and Marco point to, such as the three pre-trial conferences, involved relatively minor expense. Neither Joseph Chris nor Rossi and Marco had filed a potentially dispositive motion. See, e.g., Republic Ins. Co. v. PAICO Receivables, LLC[12]; Price v. Drexel Burnham Lambert, Inc.[13] Additionally, at least some of the fees Rossi and Marco complain about were incurred only by their co-defendants (who are no longer a party to this suit), although Rossi and Marco claim they voluntarily paid them. Those fees are irrelevant in determining whether they were prejudiced.

On facts similar to these, we have held that a party did not waive its right to arbitrate. For example, in Tenneco Resins, Inc. v. Davy International, AG, we

---

[12] 383 F.3d 341, 344–45 (5th Cir. 2004) (determining that the right to arbitrate had been waived because "extensive litigation activities" had been undertaken, including "full-fledged" discovery and the filing of a motion for summary judgment)

[13] 791 F.2d 1156, 1159 (5th Cir. 1986) (determining that the right to arbitrate had been waived after the right was invoked 15 months after the suit was filed and a motion to dismiss and a motion for summary judgment had been filed).

held that a party had not waived its right to arbitration after it was demanded eight months into the litigation and after a "minimal amount of discovery had been conducted."[14] There we cited numerous cases where other courts allowed "considerably more activity without finding that a party had waived a contractual right to arbitrate."[15] Likewise, in Cargill Ferrous International v. Sea Phoenix, MV, we held there was no waiver where a party demanded arbitration six months into the litigation and after a small amount of discovery (including a deposition) had been conducted.[16] In both cases we concluded that taking part in a little bit of discovery, coupled with timely invoking the right to arbitrate, would not result in waiver.[17] Such is the case here.

Rossi and Marco, in support of their argument, primary rely on a Seventh Circuit case, Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., where the court held that a party presumptively waives its right to arbitrate when it files suit.[18] There, the court was concerned about a party filing suit to test the waters, only to invoke the right to arbitrate if things did not go as planned in court.[19] Under Cabinetree, then, Rossi and Marco contend that Joseph Chris presumptively waived its right to arbitrate and that it cannot overcome that presumption.

---

[14] 770 F.2d 416, 421 (5th Cir. 1985).

[15] Id. at 420–21.

[16] 325 F.3d 695, 700–01(5th Cir. 2003).

[17] See Cargill, 325 F.3d at 700–01; Tenneco, 770 F.2d at 421.

[18] 50 F.3d 388, 390 (7th Cir. 1995) (Posner, C.J.).

[19] Id. (noting that the party arguing against waiver could offer no reason why it chose to file suit instead of arbitration except to "weigh its options").

The Seventh Circuit, however, has charted a different path from the Fifth Circuit in determining whether waiver has occurred.[20] Whereas this court places a heavy burden on the party opposing waiver and requires a showing of prejudice, the Seventh Circuit has concluded that courts are "not to place [their] thumb[s] on the scales" against finding waiver and that the party opposing waiver does not have to show prejudice.[21] Moreover, as the Cabinetree courts notes, the presumption of waiver is rebuttable in cases where the decision to file suit "does not signify an intention to proceed in court to the exclusion of arbitration."[22] Here, given Joseph Chris's right to file suit for injunctive relief, the decision to proceed in court did not necessarily signify that it intended to forgo arbitration—an intention it quickly expressed to Rossi and Marco.

Finally, Rossi and Marco contend that Joseph Chris was testing the waters by filing suit and, as the Cabinetree court put it, playing "heads I win, tails you lose."[23] Rossi and Marco point to the fact that Joseph Chris not only filed suit in lieu of arbitration, but failed to tell the district court of its plan to arbitrate during the pre-trial conferences. But as explained above, Joseph Chris had the right to file suit, it quickly made its intention to arbitrate clear, and it did not wait until the district court had made a number of rulings to test the waters before filing for arbitration.

The judgment is REVERSED and the case is REMANDED.

---

[20] Id. (noting that the Seventh Circuit had departed from the waiver-test applied by the Second, Fifth, and Eleventh Circuits).

[21] Id.

[22] Id. at 390–91.

[23] Id. at 390.