# CIRCUIT COURT OF FAIRFAX COUNTY

Kerry Carrico
and Emily Carrico

v.

Empire Today, L.L.C.

June 8, 2010

Case No. CL-2009-18075

BY JUDGE JONATHAN C. THACHER

This matter comes to the Court on Defendant's Motion to Stay and Compel Arbitration. After considering the pleadings, oral argument, and relevant legal authority, the Court denies the motion.

*Background*

Plaintiffs Kerry and Emily Carrico purchased flooring from Defendant Empire Today, L.L.C. ("Empire Today"). Empire Today installed flooring in the Carricos' home. The installation contract contains the following arbitration clause ("Arbitration Clause"):

> *Arbitration of Disputes*: Contractor and Buyer(s) agree that any and all disputes, claims or controversies (hereinafter referred to as a "Claim") arising under or relating to this Agreement and any related documents, loans, security instruments, accounts, or notes, including by way of example and not as a limitation: (i) the relationships resulting from this Agreement and the transactions arising as a result thereof; (ii) the terms of this Agreement; or (iii) the validity

of this Agreement or the validity of enforceability of this arbitration agreement, shall be subject to binding arbitration to be determined by one arbitrator, in accordance with and pursuant to the then prevailing Code of Procedure of the National Arbitration Forum ("NAF"), to be held and arbitrated in the judicial district in which the Buyer(s) resides. The Buyer(s) agree that they will not assert a Claim on behalf of, or as a member of, any group or class. The findings of the arbitrator shall be final and binding on all parties to this Agreement. Each party shall be responsible for its own fees and costs, unless otherwise determined by the arbitrator. This agreement to arbitrate, and any award, finding, or verdict of or from the arbitration, will be specifically enforceable under the prevailing law of any court having jurisdiction. Notice of the demand for arbitration will be filed by the party asserting the Claim with the other party to the Agreement and the NAF. The demand for arbitration shall be made within a reasonable time after the Claim in question has arisen, and in no event shall any such demand be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations. Any arbitration proceeding brought under this Agreement and any award, finding, or verdict of or from such proceeding shall remain confidential between the parties and shall not be made public. Further information may be obtained and claims may be filed at any office of the National Arbitration Forum, www. arbitration-forum.com, or by mail at P.O. Box 50191, Minneapolis, MN 55405.

The flooring was installed in the Carrico home on October 22, 2008. The Carricos, however, were unsatisfied with the flooring because it buckled after their dogs urinated on it. The couple then sought a refund of their purchase price for misrepresentations and warranties. Empire Today refused their demands.

The Carricos brought an action for fraud and misrepresentation in the General District Court on September 25, 2009. Empire Today did not contest the action, and judgment by default was entered on November 16, 2009. Empire Today appealed that judgment. A scheduling conference was held on February 22, 2010, and trial was set for June 30, 2010. Empire

Today requested a Bill of Particulars, which the Carricos filed on March 17, 2010. Empire Today then filed their Answer on April 27, 2010, and filed this motion to Stay and Compel Arbitration on May 7, 2010.

The parties do not contest the existence or enforceability of the Arbitration Clause. The question before the Court is whether Empire Today waived its contractual right to arbitrate.

*Analysis*

Arbitration agreements are generally favored in Virginia as a matter of policy and law. *Giordano v. Atria Assisted Living*, 429 F. Supp. 2d 732, 735 (E.D. Va. 2006). Like other contractual provisions, however, parties may waive the right to arbitrate their disputes by their acts, omissions, or conduct. *See Hanover Fire Ins. Co. v. Drake*, 170 Va. 257, 265 (1938) (An arbitration clause in an insurance policy may be impliedly waived "from the acts, omissions, or conduct of the insurer or its authorized agents.").

Waiver is the intentional relinquishment of a known right. *May v. Martin*, 205 Va. 397, 404 (1964). While waiver of arbitration is not something to be "lightly inferred," it is a fact-specific inquiry with no bright-line rules. *See S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80 (2d Cir. 1998) (holding the petitioners waived their right to compel arbitration by engaging in extensive pre-trial discovery, to the prejudice of the respondent). Factors to be considered when determining waiver of arbitration include the extent of litigation having already occurred, the proof of prejudice and the proximity of the trial from the date when arbitration is sought. *See Leadertex v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20 (2d Cir. 1995) (holding that the defendant waived its right to compel arbitration after unreasonable delay and causing economic injury to the plaintiff).

A party seeking to enforce arbitration may only do so when not guilty of dilatoriousness or delay. *Primoff v. Slocum*, 31 Va. Cir. 179, 181 (Fairfax 1993) (Kenny, J.) (citing *Short v. Grange Mutual Cas. Co.*, 307 F. Supp. 768 (S.D. W. Va. 1969)). A litigant may waive a right to invoke arbitration by so substantially utilizing the litigation machinery that subsequently granting arbitration would actually prejudice the party opposing the stay. *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985); *see also E. C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268 (5th Cir. 1977) (holding that waiver of arbitration was present and defendant was prejudiced by being forced to bear the expenses

of a complex trial when the plaintiff revealed a disinclination to resort to arbitration).

The facts of this case conclusively show that Empire Today waived their right to enforce the arbitration clause. Empire Today is guilty of delay and substantially utilizing the litigation machinery of the Virginia courts in a way which would substantially prejudice the Carricos if this motion were to be granted. Indeed, the Carricos received a default judgment in General District Court on November 16, 2009. If this Court were to grant the motion to Stay and Compel Arbitration it would, in essence, be ignoring the judgment previously entered for the Carricos. The Carricos already went before a Court of the Commonwealth and won a judgment. If Empire Today wished to compel arbitration, it should have done so in the General District. Its failure to raise the issue in the lower court strongly suggests their waiver of the Arbitration Clause.

Moreover, the Arbitration Clause included in the contract between Empire Today and the Carricos states that, "[t]he demand for arbitration shall be made within a reasonable time." Empire Today's demand for arbitration was discernibly made outside a reasonable time. In this appeal, the Carricos were compelled to continue to bear litigation costs. Empire Today participated in a scheduling conference, requested a bill of particulars, and filed an answer. Empire Today did not request arbitration until May 7, 2010, less than two months before trial and over seven months after the action was originally brought by the Carricos. A request for arbitration under such circumstances is unreasonable.

Because Empire Today waived their contractual right to arbitrate by failing to invoke the Arbitration Clause within a reasonable time frame, by engaging in the litigation process and by not moving to compel arbitration before judgment was entered against it in the General District Court, the motion to Stay and Compel Arbitration is denied.